# Counizzarri *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Children playing on or near tracks—Contributory negligence of parent—Case for jury.*

1. Where a strip of ground in close proximity to railroad tracks has been used by the public as a way, and by children as a playground for many years, it is the duty of railroad employees, before moving cars standing on the tracks, to ascertain whether there are any persons so near the cars as to be injured thereby.

2. In an action to recover damages for injuries to a seven year old child who was struck by the overhang of a freight car which had been standing upon a siding and which was suddenly moved by a shunting engine, the case is for the jury where there is evidence that the child was playing on defendants' right of way immediately in front of her home, though not on the tracks, that such right of way had been used by the public as a passageway and by children as a playground for many years with the knowledge and assent of defendant and that no signal or other warning was given before the cars were moved.

3. In such case the child was too young to be guilty of contributory negligence, and the question of its father's negligence was for the jury.

Argued Jan. 15, 1915. Appeals, Nos. 277 and 278, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1913, No. 3918, on ver-

dict for plaintiffs, in case of Rosie Counizzarri, by her father and next friend, Francesco Counizzarri, and Francesco Counizzarri, in his own right, v. Philadelphia & Reading Railway Company.  Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for Rosie Counizzarri for $8,000 and for Francesco Counizzarri for $1,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. Clarke Mason,* for appellant.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 15, 1915:

We see no merit in this appeal.  The action was brought to recover damages for injuries to a seven year old child caused by its being struck by the overhang of defendant's freight car while the child was on the defendant's right of way which the jury was justified in finding had, with its permission, been used for many years as a street or passageway for pedestrians and vehicles.  The defendant's right of way included a strip of land about ten feet wide adjacent to the ground occupied by its tracks.  It extended from Armat street to Chelten avenue in Germantown.  It also appeared that children living along the way used it as a playground. It was the only means of access to the buildings along and fronting it.  The injured child lived with its father

in a house fronting on the street. On the day of the accident the plaintiff was playing with several other children on the street immediately in front of her home. A draft of freight cars was standing on the side track adjacent to the street with an opening between two parts of the train estimated at from three to nine feet. While the children were playing, an engine at Armat street, about 220 feet away, pushed the cars on the siding together. The overhang at the end of the car at the opening in front of plaintiff's house knocked the little girl down on the track and ran over her, causing the injury for which this action was brought. A railroad employee stood at Armat street and signaled the engineer to move the draft of cars which ran over the plaintiff, but no warning by bell or whistle was given of the intention of the train crew to put the cars in motion.

The learned court instructed the jury that before there could be a verdict for the plaintiff they must find that the strip of land in question was a driveway, that it had been used as such and for a playground for many years with the knowledge and with the assent of the railway company, that if they shunted or shifted the cars down the track without any warning that children playing near the track might be injured, and that the accident occurred by reason of the defendant not having exercised the care and attention required of it. The court after further instructing the jury that it was not the duty of the defendant's employees to make an investigation to see whether any person was under or between the cars prior to moving them, said: "It was not incumbent upon the company or its employees to do that, but it is for you to decide whether or not it ought to have anticipated children playing upon the street, and being in such proximity to the cars as that they might have been injured if the cars were suddenly shifted, and it is for you to say whether, under the circumstances, the defendant company's employees ought to have looked to see whether there was any danger or risk

to children by the moving of those cars suddenly, and, if they had looked, whether they could have seen, and if you find all these facts against the defendant company and in favor of the plaintiffs, then it is for you to say whether that was such want of care, under all the circumstances, as made the defendant liable in this action of negligence......If she (the child) were between the tracks, where she could not be seen by an employee of the company looking down the track or up the track, then we say to you neither she nor her father is entitled to recover, but, under the evidence, where was she playing? Was she playing on the driveway; and if she were playing on the driveway, ought the railway employees to have looked to see whether or not anybody might be injured by the cars being suddenly shifted without notice; if they were, and if they had looked would they have seen her?"

It will, therefore, be seen that the court submitted to the jury to determine whether the strip of ground was used as a thoroughfare or street and a place for children to play with the knowledge and permission of defendant company, and whether defendant's employees in charge of the cars, under the circumstances, should have anticipated the presence of persons upon the street when the freight cars were put in motion, and if so, whether they exercised proper care to protect such persons from injury which might result from moving the cars. There was ample evidence to show that the strip of ground where the accident occurred was used as a street or passageway by the public with the knowledge of the defendant and without objection. It was habitually so used by the public for many years without any objection on the part of the defendant, and it was for the jury to determine whether the defendant acquiesced in such use. The child, was, therefore, not a trespasser under the finding of the jury, and it was the duty of the defendant's employees in charge of the freight train who are presumed to have notice of the public use made

of the street, to have exercised ordinary care to protect persons using it. Under all our cases, a duty was imposed upon the defendant to move its cars with due regard to the safety of persons using the street at the time of the accident. When the child was struck by the car, she was not on the track but in that part of the defendant's right of way used by its permission as a street. The case cannot be distinguished in principle from the very recent case of O'Leary *v.* Pittsburgh and Lake Erie Railroad Company, 248 Pa. 4.

The age of the child forbids any allegation of negligence against her, and the negligence of the father and of the defendant company was properly submitted to the jury.

Judgment affirmed.