## Gray et al., Appellants, *v.* Pennsylvania R. R. Co.

*Negligence—Railroads—Walking longitudinally on tracks— Trespassers — Permissive way — No wantonness by trainmen — Warning—Presumption as to trespassing.*

1. A permissive crossing over or along a railroad must be confined to a limit of user.

2. A permissive crossing is not established by testimony that people walked wherever they pleased on the tracks.

3. A railroad is not constructed to be used as a footpath for convenience of the public.

4. Where boys walk longitudinally between the rails or upon the ends of the ties of a railroad, and one is struck by a train and injured, he cannot recover for his injuries if no wanton or wilful act of the trainmen is shown.

5. No warning was required by the trainmen unless they knew or should have known of the presence of the boys on the tracks.

6. The trainmen had a right to presume that persons would not trespass on the tracks.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 4 and 5, March T., 1928, by plaintiffs, from judgment of C. P. Allegheny Co., April T., 1925, No. 87, for defendant n. o. v., in case of Roy Lee Gray, a minor, by his father and next friend, Arthur F. Gray, and Arthur F. Gray, in his own right, v. Pennsylvania Railroad Co. Affirmed.

Trespass for personal injuries. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs. Judgment n. o. v. for defendant. Plaintiffs appealed.

*Error assigned,* was judgment n. o. v., quoting record.

*Robbin B. Wolf,* of *McCreery & Wolf,* for appellant.— Plaintiff was not a trespasser: Smith v. Ry., 274 Pa.

97; Francis v. R. R., 247 Pa. 425; Kremposky v. Coal Co., 266 Pa. 568; O'Leary v. R. R., 248 Pa. 4; Taylor v. Canal Co., 113 Pa. 162.

Duty of care is different where children are involved: Piepke v. Ry., 242 Pa. 321; P. & R. Ry. v. Spearen, 47 Pa. 300.

There was wanton negligence: Di Meglio v. Ry., 249 Pa. 319; Cahill v. Ry., 74 Fed. 285; Cover v. Transit Co., 290 Pa. 551.

*William B. McFall, Jr.,* with him *Dalzell, Fisher & Dalzell,* for appellees, cited: P. & R. Ry. v. Hummell, 44 Pa. 375; Moore v. R. R., 99 Pa. 301; Bailey v. R. R., 220 Pa. 516; Leithold v. Ry., 47 Pa. Superior Ct. 137; Conn. v. R. R., 288 Pa. 494.

OPINION BY MR. JUSTICE FRAZER, April 9, 1928:

Plaintiffs, father and minor son, sued to recover damages from defendant company for injuries to the minor plaintiff, sustained when he and four other boys were struck by an engine while walking on defendant's double track railroad on their way home from a swimming place in a creek adjacent to defendant's right-of-way, near the city of Connellsville. As the boys moved along close together they noticed a freight train coming towards them on the track along which they were walking. To avoid the approaching train they stepped to the adjoining track and almost immediately after the freight train had passed or perhaps before its last car had gone by, they were struck by an engine drawing two observation cars occupied by railroad officials on a tour of inspection, moving from 18 to 20 miles an hour in the same direction the boys were walking. Two of the youths were killed, two escaped unhurt and the minor plaintiff was seriously injured. There were two trials in the lower court; in the first the jury disagreed and was discharged and a motion for judgment on the whole record was presented by defendant and refused;

on the second trial the jury returned a verdict in favor of the minor plaintiff for $12,000 and $2,165 for the father. A motion by defendant for judgment non obstante veredicto was later sustained and judgment entered for defendant, from which judgment this appeal is taken. The sole error assigned is the granting of the judgment n. o. v.

The facts disclosed by the evidence, as presented in the record before us, compel the conclusion, after every reasonable consideration is given to it in favor of appellants, that the judgment of the lower court must be sustained. The testimony shows unquestionably that the minor plaintiff, as well as his companions, was not, at the time of the accident, upon a permissive passageway over or upon the property of defendant company. Nowhere does the evidence establish the claim that the boys were using a path or way licensed to public use by the railroad company over or along its tracks. In fact, they, including the minor plaintiff, were not crossing the railway, as their homeward way towards Connellsville did not lead across defendant's roadbed. They were walking along the tracks longitudinally, and, when struck by the engine of the observation train, were either between the rails of the track or moving along on the ends of the ties. There was of course the usual space between the inner rails of the two tracks, but, as the evidence shows, the minor plaintiff was not on this space. He was in fact being carried, because of a sore foot, on the shoulders of another boy, and both were upon the track bed at the moment of the accident. They were consequently trespassers upon defendant's right-of-way. The situation is succinctly presented in the words of the learned trial judge: "The boys, including the minor plaintiff, were unquestionably trespassers upon the tracks of the defendant. They were walking along the track longitudinally, else the minor plaintiff could not have been struck by the engine of the special [train], for the

freight train going in the opposite direction was occupying the northbound track. Therefore, he was not upon a 'well-defined path,' because there was none in the vicinity. He was where he had no right to be when the accident occurred."

Appellants contend there was a permissive way along the tracks, and it was testified in their behalf that pedestrians were accustomed to use the tracks at that point. Their testimony was invariably qualified by the admission that people "seemed to walk any place, anywhere they wanted to," and "sometimes they would be on the track and sometimes down on the side." The defendant company not only did not acquiesce in this unlawful use of its roadway, but its police officers also warned and frequently arrested trespassers, and it was shown that "No Trespass" signs stood along the railway. It was not claimed by plaintiffs that any sort of path across the tracks existed at the place of the accident, but that there was a "well beaten" path between the tracks; yet, to use the conclusion of the court below, "they did not establish that there was a well defined path, but their testimony was that people walked wherever they pleased on the tracks." We said in Conn v. Penna. R. R., 288 Pa. 494, pages 502 and 506: "A permissive crossing over a railroad property is not evolved from mere considerations of convenience......., nor from the erratic wanderings of adventurous children;......a crossing over a railroad must have some limitations; the way across must be confined to a limit of user." In the present case, the facts preclude consideration of the question of the existence of a pathway, since the boys walked first upon one track,—that upon which the freight train was approaching,—and then upon the adjoining track, where they were struck by the engine of the inspection train. Even if there had been a permissive path longitudinally, which the testimony shows did not exist, it could not be claimed, in the face of the facts, that the boys had used it. They

traveled between the rails and upon the ends of the ties, and it is not conceivable that a railroad company would give its assent to the use of its roadbed in the space between the track rails for such purpose, although it might consent to the public use of a path along its right-of-way, and the former was exactly the space where the boys were walking when the accident happened, a place where they had no right to be: Moore v. Pennsylvania R. R. Co., 99 Pa. 301. A railroad is not constructed to be used as a footpath for convenience of the public, and in the present case there was no lack of a safe and convenient way for the boys to reach their homes, since a regular roadway extended along and parallel to the railroad, over which they could have walked in safety.

The evidence does not sustain the contention of appellants that the injury to the minor plaintiff was caused by the wanton or wilful act of the trainmen. It is true, the surviving boys testified they heard no warnings given by the approaching observation train, to which their backs were turned. But both the engineer and fireman testified positively that the whistle was blown and the bell rung as their train approached the place of the accident, these being the usual signals given there, as they were then approaching a crossing a short distance from the scene of the accident; and it seems quite likely, as indicated by the testimony, that the noise of the passing freight train prevented the boys from hearing the warnings of the observation train. However, this may be, no warning was required unless it was shown that the trainmen knew or should have known of the presence of the boys on the track and there was no evidence to such effect.

There was some dispute as to whether the accident occurred at a curve, but it was shown by photographs that such curve existed at practically the place of the accident and the engineer testified that because of this curve he was unable to see the boys before his engine

struck them, and the fireman testified that for the same reason he did not see them until the engine was only the length of a car and a half from them, when it was too late to stop the train and avoid the accident. Not having any reason to anticipate the presence of persons upon the tracks at this particular place, the trainmen were bound to use only ordinary care in passing, and there was no evidence that they did not do so. Persons lawfully using a railroad, as was said in Railroad v. Hummell, 44 Pa. 375, page 379, and repeated in Brague v. Ry. Co., 192 Pa. 242, 250, "are under no obligations to take precautions against possible injuries to intruders upon it. Ordinary care they must be held to, but they have a right to presume, and act on the presumption, that those in the vicinity will not violate the laws; [and] will not trespass upon the right of a clear track." The lower court properly sustained defendant's motion for judgment n. o. v.

Judgment affirmed.