Opinion by
 

 Rhodes, J.,
 

 This trespass action was brought against defendant to recover damages for injuries to minor plaintiff and for expenses incurred by his parents. At the conclusion of plaintiffs’ case defendant asked for binding in
 
 *302
 
 structions, which were refused. The jury found in favor of plaintiffs. Their motion for new trial and defendant’s motion for judgment n.o.v. were dismissed, and judgments were entered on the verdicts. These appeals by defendant followed.
 

 Plaintiffs’ statement of claim averred that about 7:45 p.m. on November 24, 1939, the minor plaintiff was struck by a locomotive of defendant while endeavoring to rescue a twelve-year-old playmate, James Burns, who was on the tracks of defendant at a point near the intersection of Clarissa and Cayuga Streets, Philadelphia; that at the place where the accident occurred children and adults were accustomed to enter upon the property and tracks of the defendant to the knowledge of defendant, and children were accustomed to assemble and play on and about said property and tracks; that defendant was negligent in failing to keep in repair a fence between the street and its tracks, in failing to warn the public and children from entering upon its land and tracks, in permitting children to have access to and play in and about its property, in operating a locomotive without lights or other warning, in failing to advise children of its presence or to give notice of its approach, and in failing to keep a proper lookout for children or persons upon its tracks.
 

 An affidavit of defense was filed denying the averments of negligence.
 

 At the trial defendant offered no evidence. Plaintiffs’ evidence considered in the light most favorable to them shows that the accident happened on defendant’s northbound track at a point near the intersection of Clarissa and Cayuga Streets in the City of Philadelphia, about 7:45 P.M. on November 24, 1939. At the point in question a double track of defendant ran in a north and south direction west of and parallel to Clarissa Street. They were depressed 15 to 25 feet below the level of Clarissa Street and of a freight yard which was west of the tracks. On each side of the tracks there were
 
 *303
 
 steep dirt embankments and stone retaining walls. A steep bank led from tbe tracks to tbe west side of Clarissa Street. At tbe intersection of Clarissa and Cayuga ■ Streets a foot bridge led from tbe west sidewalk of Clarissa Street over the main tracks to tbe freight yard. Between tbe west sidewalk of Clarissa Street to tbe top of tbe embankment leading down to tbe tracks were a number of large billboards, supported on tbe west side by wooden supports, upon which boys sometimes played. A level space between tbe sidewalk and tbe billboards was used during tbe daytime by boys of all ages for various card games and other amusements, and at night older boys and men used tbe illumination furnished by tbe lights placed above tbe advertising matter on tbe east or street side of tbe billboards to play cards and other games. During tbe daytime in tbe summer tbe open space between two of tbe billboards was sometimes used as a tee for driving golf balls westward across tbe tracks to tbe freight yard, and small boys now and then slid down tbe embankment in tbe course of their play. Portions of a board fence along tbe west side of tbe sidewalk along Clarissa Street bad been removed so that access to tbe space around tbe billboards was easily gained.
 

 On tbe night of tbe accident minor plaintiff, then fifteen years of age, and bis companion, James Burns, twelve years of age, went to tbe billboards sixty feet south of tbe foot bridge, and played there for some time. No other boys were present when they arrived. Not having seen bis companion for about ten minutes, minor plaintiff began to look for him. From bis position on a billboard be saw young Burns lying on defendant’s northbound track, and at tbe same time be saw tbe light from a locomotive which was moving northward, tender first, on tbe same track, at a distance of approximately one hundred yards from tbe Burns boy. Minor plaintiff called to him but received no response. He
 
 *304
 
 then rushed down the bank from his position on the billboard, and was struck by the tender of the locomotive as he endeavored to pull his playmate from the tracks. The latter was killed, and minor plaintiff was injured. The weather was clear and the temperature was moderate.
 

 There was no evidence that defendant’s employees in charge of the locomotive and tender were aware of the presence of the boys on the tracks. There was no evidence that the property on which the billboards were erected was actually owned by defendant, although some witnesses referred to it as company property; nor was there any evidence to indicate how far defendant’s right of way extended from Clarissa Street. There was no evidence that the main tracks were ever used by the public except for the intermittent trespass thereon by the younger boys for the purpose of recovering golf balls which did not carry across to the freight yard.
 

 Ordinarily, a railroad is under no duty to anticipate the presence of persons on its tracks where they have no right to be.
 
 Dobrowolski v. Pennsylvania, Railroad Co.,
 
 319 Pa. 235, 238, 178 A. 488. The general rule is that a landowner or railroad company is not liable to a trespasser, whether adult or infant, for failure to exercise reasonable care.
 
 [1]
 
 Restatement of the Raw, Torts, §333. See, also, Eldredge, Modern Tort Problems, chap. 7, pp. 163-204. “The legal obligation to trespassers has been traditionally stated to be the avoidance of wilful or wanton negligence ‘Wilful negligence’ is an obvious misnomer. ‘Wanton negligence,’ as distinguished from ordinary negligence, is characterized by a realization on the part of the tort-feasor — or at least what would cause such a realization to a reasonable man— of the probability of injury to another, and by a reckless disregard, nevertheless, of the consequences”:
 
 *305
 

 Frederick v. Philadelphia Rapid Transit Co.,
 
 337 Pa. 136, at page 140, 10 A. 2d 576, at page 578. In the opinion of Mr. Justice Steen in this case it was also said, citing a number of authorities, that it was wanton negligence, within the meaning of the law, to fail to use ordinary and reasonable care to avoid injury to a trespasser after his presence has been ascertained. As minor plaintiff was privileged to enter upon defendant’s tracks for the purpose of protecting his companion from death or serious bodily harm, he could not be considered a trespasser. Restatement of the Law, Torts, §§197, 329. He voluntarily incurred peril in an effort to save the life of his companion. But, obviously, as the facts disclose, he was not invited, and if his appearance was not to be anticipated by defendant’s employees, or if he was not within a class of persons whose presence defendant was bound to anticipate, the extent of defendant’s obligation toward him would be no greater than if he were a trespasser.
 
 Frederick v. Philadelphia Rapid Transit Co.,
 
 supra, p. 139;
 
 Dobrowolski v. Pennsylvania Railroad Co.,
 
 supra, p. 239.
 

 Plaintiffs, in support of their right to recover from defendant, rely upon the averments of negligence upon the part of defendant as set forth in their statement of claim, and maintain that the evidence raised questions of fact which were for the jury.
 

 We are unable to find in the present record anything which obligated defendant’s employees ta anticipate the presence of minor plaintiff on its main tracks where trains were passing at least every hour. Nor do we find any circumstance which would make the likely presence thereon of the children foreseeable. The evidence relating to the use of the land between the sidewalk and the top of the embankment as a playground area did not bring defendant’s tracks within those limits. The occasional trespassing by children upon the tracks in the daytime in summer to obtain golf balls could not
 
 *306
 
 make a general playground out of such main tracks with the resulting duty of defendant to conduct its operations thereon at all times in the likelihood of their presence; and there was no duty upon defendant to fence and guard its tracks so as to prevent entrance by children.
 
 Noonan et ux. v. Pennsylvania Railroad Co.,
 
 128 Pa. Superior Ct. 497, 502, 503, 504, 194 A. 212;
 
 Leithold v. Philadelphia & Reading Railway Co.,
 
 47 Pa. Superior Ct. 137, 146. The tracks were not easily accessible and afforded no facilities for play, and there was no proof that they were used in such a manner as to presuppose an invitation or permission to occupy them as a playground or permissive way. So far as the evidence discloses minor plaintiff and his companion were not struck by defendant’s locomotive because they were playing on the tracks. While minor plaintiff properly attempted to rescue him, the presence of the Burns boy on the track was unexplained. In the absence of proof of any facts which would have put defendant’s employees on notice that the children were on the tracks, there was nothing to warrant the submission of the case to the jury. If there had been such proof defendant would have been under the duty of exercising due care for their safety
 
 (Peden et al. v. Baltimore & Ohio Railroad Co.,
 
 324 Pa. 444, 188 A. 586), but it was not wanton negligence for defendant’s employees under the established facts in this case to fail to discover the presence of the children on the tracks in time to avoid injury to them
 
 (Frederick v. Philadelphia Rapid Transit Co.,
 
 supra, p. 140). “Precaution is a duty only so far as there is reason for apprehension”:
 
 Philadelphia & Reading Railroad Co. v. Hummell,
 
 44 Pa. 375, at page 379. Although this was a most regrettable and unfortunate accident, there was not sufficient evidence to establish that defendant or its employees had any reason to anticipate the presence of anyone upon its tracks at the point in question, and
 
 *307
 
 especially at night; and hence there was no duty to sound any warning or to take precaution against injury to unknown trespassers or some one in a similar status.
 
 Gray et al. v. Pennsylvania Railroad Co.,
 
 293 Pa. 28, 32, 33, 141 A. 621;
 
 Francis v. Baltimore & Ohio Railroad Co.,
 
 247 Pa. 425, 428, 93 A. 490. Under the circumstances defendant could presume there would be no interference with its right of a clear track.
 

 Plaintiffs contend they could very well rest their case on
 
 Toner v. Pennsylvania Railroad Co.,
 
 263 Pa. 438, 106 A. 797. We are unable to see any controlling similarity between the two cases. In the Toner case the railroad company had its freight tracks laid on a public highway in a built-up section of a city, and for many years the boys of the neighborhood, Avith the knowledge of defendant’s employees, had been in the habit of playing on the tracks the same as in the rest of the street. Consequently, the defendant company was bound to exercise reasonable care so as to avoid injury to them, and it logically followed that one seeing the boys in imminent danger, in which they had been placed by defendant’s negligence, and, who, in order to save them, was injured could recover. The factual situations are materially different. In the case before us there was nothing to show that defendant’s employees knew or should have known that the boys were on defendant’s tracks, or that either one was placed in danger by defendant’s negligence. The cause of minor plaintiff’s injury did not arise from the neglect of any duty resting on defendant.
 

 Plaintiffs also cite
 
 O’Leary v. Pittsburgh & Lake Erie Railroad Co.,
 
 248 Pa. 4, 93 A. 771, and
 
 Counizzarri v. Philadelphia & Reading Railway Co.,
 
 248 Pa. 474, 94 A. 134, as having some application to the present case. In
 
 Noonan et ux. v. Pennsylvania Railroad Co.,
 
 supra, p. 504, we have discussed these cases, and what we there
 
 *308
 
 said clearly demonstrates that they in no way support plaintiffs’ position.
 

 Judgments are reversed, and judgment is here entered for defendant.
 

 [1]
 

 For exceptions, see Restatement of the Law, Torts, §§334-339;
 
 Thompson et al. v. Reading Co.,
 
 343 Pa. 585, 23 A. 2d 729,