90 N.J. Super. 308 (1966)
217 A.2d 329
DUTCH DEMETRO, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF RUBY DEMETRO, PLAINTIFF-APPELLANT,
v.
PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, AND ALBERT GRAZIANO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1966.
Decided February 25, 1966.
*309 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Paul E. Anderson argued the cause for the appellant (Messrs. Kovacs, Anderson, Horowitz & Rader, attorneys).
Mr. Andre W. Gruber argued the cause for the respondents (Messrs. Strong & Strong, attorneys).
PER CURIAM.
Ruby Demetro, aged 11, was killed by one of defendant's trains when she rushed upon the tracks and pushed three smaller children from its path. The action by her administrator ad pros. was dismissed upon plaintiff's opening to the jury on the ground that the action was barred by R.S. 48: 12-152, which provides:
*310 "It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway.
Any person injured by an engine or car while walking, standing or playing on a railroad * * * shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad. * * *"
We hold that the statute does not apply to the decedent. Restatement, Torts 2d, § 197 (1965); Tedesco v. Reading Co., 147 Pa. Super. 300, 24 A.2d 105 (Super. Ct. 1942).
We reject the argument that the railroad company cannot be held liable to a rescuer unless it would have been liable to the one endangered if he had been injured. A tortfeasor may be liable to a rescuer because of the peril he created to the one rescued (Seipel v. Sevek, 53 N.J. Super. 151, 163-64 (App. Div. 1958), reversed on other grounds, 29 N.J. 593 (1959)), but it does not follow that his liability to the rescuer may not exist even when there would have been no liability to the one imperiled. Restatement, Torts 2d, § 472 (1965); 65 C.J.S. Negligence, § 124, at pp. 737-8; Annotation 158 A.L.R. 189, 195 (1945), supplementing 19 A.L.R. 4, 12 (1922); see also 166 A.L.R. 752 (1947).
However, the mere fact that the statute does not apply to a rescuer does not necessarily require the railroad to employ the precautions which it would owe to an invitee or a licensee whose presence upon the tracks might be expected, and such care was not required under the facts here. Tedesco v. Reading Co., supra; cf. Pennsylvania Railroad Co. v. Lackner, 246 F. 931 (3 Cir. 1917). Plaintiff admits that he has no proof of negligence other than that contained in the deposition of defendant Graziano, the engineer of the train which struck decedent. We have studied that deposition, contained in plaintiff's appendix. From it it is clear that Graziano, exercising reasonable care, was unable to stop the train when he saw her come upon the tracks. We find that the facts contained in the deposition do not establish a prima facie case of defendant's negligence toward decedent. *311 Cf. Tedesco v. Reading Co., supra; Becker v. Louisville & Nashville R.R. Co., 110 Ky. 474, 61 S.W. 997, 53 L.R.A. 267 (Ct. App. 1901). Hence there was no prejudicial error in dismissing the action.
Affirmed.