138 N.J. Super. 464 (1976)
351 A.2d 389
MARIA ANTONIETA ODAR, ADMINISTRATRIX AD PROSEQUENDUM AND ADMINISTRATRIX OF THE ESTATE OF PEDRO LUIS ODAR, DECEASED; ANA ODAR, AN INFANT, BY HER GUARDIAN AD LITEM, MARIA ANTONIETA ODAR; AND MARIA ANTONIETA ODAR, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
CHASE MANHATTAN BANK, TRUSTEE OF THE ESTATE OF WILLIAM WALDRICH, DEFENDANT AND THIRD PARTY PLAINTIFF-RESPONDENT,
v.
ADVANCE PIECE DYE WORKS, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1976.
Decided January 28, 1976.
*466 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. William J. Pollinger argued the cause for appellants (Messrs. DeLorenzo & Pollinger, attorneys).
Mr. Gregory J. Czura argued the cause for respondent Chase Manhattan Bank (Messrs. Vogel, Baum & Czura, attorneys).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Plaintiff Maria Antonieta Odar instituted this lawsuit as administratrix ad prosequendum to recover damages for the alleged wrongful death of her husband Pedro Luis Odar. The unfortunate incident which resulted in his death occurred under the following circumstances.
On February 12, 1972 decedent and three of his children entered upon land owned by the estate of William Waldrich so that the children could ice skate on one of the two ponds there. Upon arrival they observed other persons ice skating and two of the decedent's children ice skated for about one hour. Decedent called his children so that they could leave and thereupon observed his daughter fall through the ice into the pond. Without skates, decedent ran onto the pond to rescue his daughter. He also fell through the ice and was drowned. This action was instituted against Chase Manhattan Bank as trustee of the estate of William Waldrich. Defendant's motion for summary judgment was granted and plaintiff appeals.
*467 The land in question is bordered on the south by State Highway No. 3 and on the north by a shallow river. On the land are located two ponds and a canal. It is conceded that the pond where the accident occurred is natural rather than artificial. Some of the water in the pond is used by Advance Piece Dye Works in its bleaching process. At one end of the property is a gasoline station, and there is a curb cut whereby vehicles can leave the highway and enter upon defendant's land. On the day in question decedent entered the gas station, parked the car and walked across the land to the pond.
Defendant neither maintains nor patrols the property. There is no fence around most of the land. While at one time signs prohibiting trespassing were posted, they were destroyed and were not replaced. There were none visible on February 12, 1972. Defendant knew the land was used for picnicking, swimming, fishing and ice skating. He knew police frequently chased users off the land. Defendant had also been requested by the board of health and police to take protective measures against the possible breeding of rats on the property and the unsupervised use of the property for recreational purposes. Defendant's motion for summary judgment was grounded in the contention that N.J.S.A. 2A:42A-2 et seq. granted it immunity under these circumstances. The trial judge agreed and for that reason entered judgment for the defendant.
N.J.S.A. 2A:42A-2 provides:
As used in this act "sport and recreational activities" means and includes: hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.
N.J.S.A. 2A:42A-3 states:
Except as provided in section 3 of this act:
a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, owes *468 no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.
The predecessor statute, N.J.S.A. 2A:42A-1 (repealed, L. 1968, c. 73, § 4 (1967)) provided immunity to the owners of woodlands and agricultural lands from injuries occurring to hunters and fishermen on their property. The new statute, by replacing the words "woodlands and agricultural lands" with the word "premises" and by expanding the description of activities, expanded the scope of the immunity granted by the statute. Scheck v. Houdaille Const. Materials, Inc., 121 N.J. Super. 335, 341 (Law Div. 1972); O'Connell v. Forest Hill Field Club, 119 N.J. Super. 317, 320 (Law Div. 1972). It is clear that the statute was intended to apply to nonresidential, rural or semi-rural land whereon the enumerated sports and recreational activities are conducted. Skating is one of the enumerated activities. Defendant's land, on this record, falls within the category of lands embraced by the statute. Boileau v. DeCecco, 125 N.J. Super. 263, 267 (App. Div. 1973), aff'd o.b. 65 N.J. 234 1974); Villanova v. Am. Fed. of Musicians, 123 N.J. Super. 57 (App. Div.), certif. den. 63 N.J. 504 (1973). Both the pond and the ice thereon were natural conditions. Neither one was created or maintained by defendant, and defendant is entitled to the immuity from liability granted by the statute.
Plaintiff argues that even if immunity were to apply, the exception in N.J.S.A. 2A:42A-4 is applicable. That section of the statute provides:
*469 This act shall not limit the liability which would otherwise exist:
a. For willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity; * * *
Plaintiff argues that defendant's failure to fence, post, patrol or, in some manner, prevent licensees or trespassers from entering upon the property  with knowledge of prior frequent use for recreational purposes by others  creates a fact issue for resolution by the jury as to whether the failure of defendant to do so constitutes willful or malicious conduct.
We disagree. We do not equate a failure to act under these circumstances with willful or malicious conduct. To do so would, in effect, defeat the obvious legislative intent.
Consideration of the statute aside, we see no basis for the imposition of liability upon defendant under these circumstances. There is no duty on the part of a landowner to protect either an adult or infant trespasser from natural conditions existing on the land. Ostroski v. Mount Prospect Shoprite, Inc., 94 N.J. Super. 374, 381 (App. Div.), certif. den. 49 N.J. 369 (1967).
Plaintiff's final argument is that since decedent, as a foreseeable rescuer, was going to the aid of his daughter who had fallen through the ice, defendant owed decedent a duty of care. A landowner owes a duty to an injured rescuer only if the landowner was guilty of negligence in creating the peril to the one rescued. Egan v. Erie R. Co. 29 N.J. 243 (1959); Demetro v. Penn. R.R., 90 N.J. Super. 308, 310 (App. Div. 1966); Cafone v. Spinello Const. Co., 42 N.J. Super. 590, 602 (App. Div. 1956), certif. den. 23 N.J. 258 (1957).
We find no wrongful or actionable conduct on the part of defendant which created the alleged peril to decedent's daughter. Those cases relied upon by plaintiff which impose a duty of care upon a landowner who conducts dangerous activities on the land or who creates or maintains a dangerous artificial condition on the land which involves an unreasonable risk of death or serious bodily harm to infant trespassers are inapposite. Ostroski v. Mount Prospect *470 Shoprite, Inc., supra.; cf. Simmel v. N.J. Coop Co., 28 N.J. 1 (1958); Imre v. Riegel Paper Corp., 24 N.J. 438, 445 (1957); Wytupeck v. Camden, 25 N.J. 450, 463 (1957); Strang v. S. Jersey Broadcasting, 9 N.J. 38 (1952).
Affirmed.