167 N.J. Super. 1 (1979)
400 A.2d 485
ALBERT TALLAKSEN, ACTING INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR THE MINOR PLAINTIFF, THERESA TALLAKSEN, PLAINTIFFS-APPELLANTS,
v.
MARVIN ROSS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1979.
Decided March 7, 1979.
*2 Before Judges BISCHOFF and MORGAN.
Mr. Jack S. Zakim, attorney for appellant.
Messrs. Mandelbaum Mandelbaum & Gold, attorneys for respondent (Mr. Henry G. Klein on the brief).
PER CURIAM.
Plaintiffs appeal from a summary judgment entered in favor of defendant landowner on the ground that by virtue of N.J.S.A. 2A:42A-2 to 5, the Landowner's Liability Act, the provisions of which exonerate a landowner from any duty to maintain premises owned by him safe for entry or use by others for sport and recreational activities, and on the basis of undisputed facts, defendant was entitled to judgment as a matter of law. We affirm.
The relevant undisputed facts are that defendant owned a 70.58-acre tract of undeveloped land in the Borough of Hopatcong, New Jersey. Neither he nor his associates had either encouraged or dissuaded others to trespass on this land. No warning signs were posted. Prior owners of this land had given drainage easements to surrounding property owners, with the result that several drainage pipes discharged water onto defendant's land, creating a swamp.
The infant plaintiff lived in close proximity to defendant's land. A small swampy area on defendant's land provided the neighboring children, including the infant plaintiff, with a favored recreational area. On December 22, 1976, when *3 the water in the swamp had frozen, the infant plaintiff and several other children were playing in the area, engaging in various forms of recreational activity such as running, jumping, ice skating and sleigh riding, during which plaintiff fell and injured herself. According to plaintiff, she was ice skating and engaging in horseplay when she fell on her back, landing on a tree stump.
Plaintiffs quarrel with the trial judge's conclusion that in the given factual context the provision of N.J.S.A. 2A:42A-2 and 3 immunize the defendant landowner from liability.[1] Specifically they argue that these immunizing provisions do not apply because defendant's land is zoned for residential use, is in close proximity or adjacent to residential developments, and the swampy condition of defendant's land was not a natural condition but resulted from the pooling of waters directed to defendant's land by drains.
*4 None of these undisputed facts concerning the location of defendant's land and the cause of its swampy condition renders N.J.S.A. 2A:42-2 and 3 inapplicable. Defendant's 70-acre undeveloped tract qualifies for immunity under the act when used for the statutorily defined recreational purposes, despite its zoning classification as residential lands and its proximity to developed residential areas. Nothing in the statute suggests otherwise. Although the act was clearly not intended to apply to injuries sustained in a private swimming pool located on developed residential property, defendant's tract cannot legitimately be compared therewith. Boileau v. DeCecco, 125 N.J. Super. 263, 267 (App. Div. 1973), aff'd o.b. 65 N.J. 234 (1974). The reference in Odar v. Chase Manhattan Bank, 138 N.J. Super. 464, 468 (App. Div. 1976), certif. den. 70 N.J. 525 (1976), to "nonresidential land" as a condition to immunity afforded by the act must be read as land not developed and used for residential purposes. In this case, it is uncontradicted that defendant's land was not so developed and used.
The fact that the ice on which plaintiff fell resulted from the freezing of waters diverted, by permission of prior owners, to defendant's land by man-made drains does not remove defendant from the protection of the act. Again, nothing in the statute so suggests. Harrison v. Middlesex Water Co., 158 N.J. Super. 368 (App. Div. 1978), certif. granted 78 N.J. 402 (1978), supports defendant's immunity. There, the injuries occurred on defendant water company's man-made reservoir; the water company was nonetheless held to be within the protection of the act.
The act was designed to encourage the recreational use of privately held undeveloped lands; the inducement to the owners to permit such use is the legislative promise of immunity with respect to injuries arising therefrom. Harrison v. Middlesex Water Co., supra at 381. Clearly, plaintiff's recreational activities on defendant's undeveloped land represented the fulfillment of the legislative objective and, consistent *5 with the act's promise of immunity with respect to such use, defendant's immunity from liability should be recognized.
Affirmed.
NOTES
[1] N.J.S.A. 2A:42A-2 provides:

As used in this act "sport and recreational activities" means and includes: hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.
N.J.S.A. 2A:42A-3 provides:
Except as provided in section 3 of this act:
a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.