ALLAN T. HAYCOCK, APPELLANT, v. PHILLIP JANNARONE, RESPONDENT.

Submitted July 9, 1923—Decided November 19, 1923.

1. The state highway commission is a state agency, authorized by law to take land for public use in advance of payment of compensation, subject to subsequent condemnation, the fixing of damages and payment of compensation awarded. After taking the land the duty to condemn becomes ministerial and may be enforced by *mandamus* against the commission, and the damages are payable out of any appropriation made by the state for such purposes.

2. When the state by its agent enters and takes land for a public highway in advance of compensation, under a statute authorizing such entry, neither the agent nor one acting under its direction is a trespasser in so entering and devoting the land to public use. The landowners' remedy is to compel the state highway commission to condemn the land taken and to have the damages fixed.

On appeal from the Supreme Court.

For the appellant, *King & Vogt.*

For the respondent, *Reed & Reynolds.*

The following opinion was prepared by the late Mr. Justice Bergen in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

BERGEN, J. The state highway commission undertook to improve a highway on which the land of the plaintiff abutted, and contracted with the defendant to do the work which consisted in changing the grade of the highway, building a stone wall along the side of it, and grading the ground. The defendant carried out his contract with the state highway commission, and the plaintiff claims that the stone wall was so built as to encroach on his private property, and therefore

brought suit against the defendant as a trespasser. At the close of the case the trial court ordered a judgment of non-suit to be entered upon the ground that under the statute the state highway commission had a right to enter upon plaintiff's land before making compensation, and that as the defendant was its servant he was not a trespasser in carrying out his contract with the commission. The defense set up was that there was no encroachment and that what the defendant did, under the direction of the state highway commission, was within the boundary of the highway. The statute relied upon is *Pamph. L.* 1919, *p.* 523, which authorizes the state highway commission to acquire any land, or rights therein, by condemnation, according to the act, relating to the ascertainment and payment of compensation for property taken for public use. *Pamph. L.* 1900, *p.* 79. The statute of 1919 above cited further provides, "the state highway commission shall have the right and power to enter upon and take the property in advance of making compensation therefor in any case where it cannot acquire land or other property by agreement with the owner." And also that in any case where the state highway commission exercises this right and enters upon and takes the land in advance of making compensation therefor, it shall proceed under the act of 1900, *supra,* to condemn the land and fix the compensation to be paid to the owner, and to do and perform all acts necessary and desirable to effectuate the purpose of the statute. Prior to 1844 there was no constitutional provision requiring the payment of damages to a landowner for land taken for public highways, but the constitution of 1844, article 1, paragraph 16, provides, "Private property shall not be taken for public use without just compensation; but land may be taken for public highways, as heretofore, until the legislature shall direct compensation to be made." Subsequently, the legislature provided that compensation should be made for land taken for public highways, and the act now under consideration provides for compensation, and grants to the state highway commission the right to enter upon and take lands in advance of condemnation, but requires that

the damages shall be ascertained therefor by condemnation proceedings. The plaintiff's contention is that as it was held in *Curtis & Hill, Gravel and Sand Co.* v. *State Highway Commission,* 91 *N. J. Eq.* 421, the state highway commission was the *alter ego.* for the state, and, as the state could not be sued, the owners only remedy would be against the person who actually trespassed, but this overlooks a very important consideration which is, that under the statute the state highway commission, as an agency acting for the state, is bound to initiate condemnation proceedings in order to fix the compensation due landowners whose land is taken for public use. Such an agency can be required by *mandamus* to take proper proceedings to condemn the land, and in such proceedings the question whether there has been any encroachment can be settled by a jury on a proper issue framed. *Finger* v. *Doane,* 98 *N. J. L.* 635. When the damages have been thus ascertained it is not to be presumed that the legislature has not, or would not, make provision to pay for the land which it had taken in advance of compensation for the benefit of the state. The creation of such an agency with the power to condemn implies that the legislature will make provision to pay the award, otherwise we would have to assume that the state intended to violate the constitution by taking land without compensation, a thought not to be tolerated. Therefore there is nothing in the point that if this nonsuit be sustained the plaintiff would have no remedy. His remedy is to require the state highway commission to fulfill their statutory duty, which is to take proper proceedings to condemn the land. Under the proofs in this case it is perfectly clear that the defendant was acting under the power which the statute gives to it to take land, if it did so, in advance of compensation, and when the work was done by the defendant he could not be a trespasser because, under the statute, the state highway commission had a right to enter and take the land at the time they did without being trespassers. The right to take land at the time it was taken, if the plaintiff is right, was vested by law in the state highway commission, and neither it nor the defendant, acting under its

direction, was a trespasser. They took what they had a right to take subject to compensation being made. The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.