The complainant is the owner of a tract of farm and meadow land in Millville, binding upon Second street. The state highway commission has been for some time last past engaged in building, grading and paving that street. At a point in the frontage of complainant's land, along Second street, the defendant has commenced to build a water catch-basin, and to lay a drain pipe from that basin to collect drainage and surface water from a large area of South Millville. Complainant alleges that it is the intention of the state highway commission to divert and cast all of said waters in large quantity from the pipe on and over his land, and claims that his private property is intended to be used for the installation of the catch-basin and discharge pipes; that as a result of the grading, building and paving of the road, large quantities of surface water are being allowed to collect and flow on his land, the flowing of water having already caused washouts and displaced earth, c. And he prays that the state highway commission may be enjoined from constructing any of its works upon his land, and also from casting accumulated water thereon.
Defendant admits that the water collected by this scheme will be discharged upon complainant's property, and asserts that the question is as to defendant's right to do that thing. One matter of defense relied upon is that the complainant has given permission for the doing of the work. It is in proof that, in writing, dated March 21st, 1923, and signed by the complainant, he granted the highway department permission to widen the fill on his property in accordance with stakes placed by the highway department. And the defendant argues from this that the complainant is estopped from demanding that the state shall not discharge the water in a pipe laid through the fill on his land. Defendant denies that the consent has any such effect. But what, if any, bearing this particular document may have upon the case at bar need not be decided, because in my judgment the remedy of the complainant is by a suit at law for a mandamus to compel the highway commission to condemn such of his land as it *Page 426 
has entered upon and appropriated, if any, and such rights thereon as it proposes to acquire, and not for an injunction in this court.
By P.L. 1919 p. 523 § 12 (e), the state highway commission has power to acquire any lands or rights therein by condemnation, if necessary, and has the power to enter upon and take property in advance of making compensation therefor in any case where it cannot acquire land or other property by agreement with the owner.
It is true there is no proof in this case showing that the state highway commission endeavored to agree with the owner as to compensation for rights to be acquired in his land, neither was there in the Haycock Case, infra, any such showing. Assuming, as I think I must, that the defendant took possession of complainant's property without endeavoring to agree with him as to just compensation therefor, nevertheless, the complainant's remedy is by mandamus, to require defendant to take proper proceedings to condemn. Haycock v. Jannarone (Court ofErrors and Appeals), 122 Atl. Rep. 805. See, also, 20 C.J.1158.
Now, in the Haycock Case, the plaintiff sued for damages arising from the alleged fact that the state highway commission, in the improvement of a highway on which the lands of the plaintiff abutted, had encroached upon his private property. That fact was in dispute, but it was pointed out by the court that that question could be tried before the jury on condemnation proceedings. There, as here, there had apparently been no attempt to agree with the owner in advance.
Ward v. Peck, 49 N.J. Law 42, was a suit for damages brought against the defendant for the opening on the property of the plaintiff of a ditch for the purpose of carrying off water from a public road. It was assumed by the supreme court that the defendant was clothed with the power of an overseer of the highways, and did nothing but what he was warranted in doing by section 45 of the General Road law, which authorized him to enter lands adjacent to highways, and to cut, make, c., gutters, drains and ditches, sufficient *Page 427 
to convey or draw off water from the highway, and the owner was prohibited from filling up or obstructing such gutters, drains or ditches. Chief-Justice Beasley, speaking for the supreme court, said (at p. 43) that there could be no doubt that such an appropriation of land was a taking of private property for public use; that by laying the drain, the public acquired a right to a perpetual easement in the property burdened, and the owner protanto was deprived of his property. And he said (at p. 44) that under the prevalence of ancient law, compensation was not to be made for such appropriation, but by section 16 of article 1 of the constitution of 1844, the ancient jus publicum, to seize the property of the citizen without rendering to him its value, had been entirely abolished in this state.
Now, the act authorizing the state highway commission to acquire any land or rights therein is very like the provision of the Road act, except that the Highway Commission act, supra, unlike the Road act reviewed in the Ward Case, provides for making compensation to the owner. And the means of compelling the taker to inaugurate proceedings for condemnation, which in turn provides for compensation, is as pointed out in Haycock v.Jannarone, supra.
This is not a case in which an unauthorized person proposes to collect surface water from channels in which it is used to flow, and cast it in unusual quantities upon the complainant's land to his damage, to prevent which an injunction will go, but it is a case for damages against an agency of the state, authorized by law to make appropriation of lands and rights therein for public purposes, making compensation therefor. And, as the complainant has an adequate remedy at law, equity will not interfere by injunction to aid him.
 The application for preliminary injunction will be denied. *Page 428