FRANK THOMSON, RELATOR, v. STATE HIGHWAY COMMISSION OF NEW JERSEY, RESPONDENT.

Decided July 1, 1932.

For the relator, *Seufert & Elmore.*

For the respondent, *Walter H. Bacon, Jr.*

PARKER, J. The relator was in possession of a house and lot in Bergen county, under a contract to purchase and pay for the same by installments of $50 per month, made with Ralph Tibbals, owner of the fee, in 1923. The contract provided that Tibbals might mortgage the property and that Thomson by assuming the mortgage should have credit for the same on the purchase price. Tibbals mortgaged to one Cunningham for $4,000. Thomson's agreement was never recorded.

In 1930 the highway commission, requiring a part of the property for a new road, took possession of the same under power conferred on it by statute, and paid Tibbals $25 for a deed to the part taken (the description of which is not before me), and obtained from Cunningham a release of that part from the mortgage. Thomson, the relator, seems to have been ignored in the matter although he was plainly in possession and the commission was therefore charged with

notice of his contract rights which proper inquiry would necessarily have disclosed. As the highway commission has been held immune to an action of trespass (*Haycock* v. *Jannarone,* 99 *N. J. L.* 183; 122 *Atl. Rep.* 805); and necessarily to ejectment also, in view of its statutory power to enter the remedy of the landowner is to enforce payment for his land by *mandamus* to take proceedings to condemn it in case of inability to agree on the price. *Goodavage* v. *State Highway Commission,* 96 *N. J. Eq.* 424; 125 *Atl. Rep.* 919.

The only defense set up by the respondent is that relator Thomson has not shown such an ownership or interest as to entitle him to any compensation therefor.

I think this position clearly untenable. Respondent undertakes to show that Thomson as vendee has not performed his part of the contract of purchase by making the payments required according to its terms, and suggests that he may be estopped by failure to give notice of his rights at the time the agents of the commission took possession by filling in over his lot. Just how a party in possession of real estate is to be held estopped to challenge a trespass because he stands on possession as notice of his rights, I fail to see. As to the failure to keep up his payments on the contract, if there be such failure, that is a matter between him and Tibbals, of which conceivably Tibbals might take advantage, but not the respondent. Moreover, the contract is liberal in its terms, perhaps because Tibbals is the uncle of Thomson's wife. Thomson has clearly an interest which would make him a necessary party to a condemnation proceeding of the land, and the condemning party would omit him "at its peril;" the condemnation being nugatory as to him in such case. *National Railway* v. *E. & A. R. R. Co.,* 36 *N. J. L.* 181, 185; *Rowland* v. *Mercer County Traction Co.,* 90 *Id.* 82; *affirmed,* 91 *Id.* 332; 102 *Atl. Rep.* 814. If there had been a condemnation of the land instead of an agreement with Tibbals and the mortgagee, and Thomson had been made a party as contract vendee in possession, the value of his interest would have been ascertained in Chancery as provided by statute. He cannot be deprived of his right to compensation because

the owner of the fee and mortgagee have sold out their respective interests.

The material facts are perfectly clear. A writ of peremptory *mandamus* will be awarded.