STATE HIGHWAY COMMISSION, APPELLANT, v. EDGAR G. DEY, RESPONDENT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *William A. Stevens,* attorney-general, *Edwin G. Scovel* and *Walter H. Bacon, Jr.*

For the respondent, *Philip M. Chamberlin.*

The opinion of the court was delivered by

DONGES, J. The state highway commission constructed a road in Hamilton township, in Mercer county, across a farm of Amos M. Dey and Lillie B. Dey. The farm was encumbered by a first mortgage of $12,000, held by a Federal Land Bank, and a second mortgage of $6,000, held by Edgar G. Dey, the respondent herein. The commission received a deed of the fee from Amos M. Dey and Lillie B. Dey, in consideration of the payment of $1. It purchased for $1 a release of the lands so conveyed from the first mortgage held by the Federal Land Bank. The second mortgagee refused to release the lands from the operation of his mortgage, whereupon the commission instituted proceedings to condemn the strip of land under the provisions of the Eminent Domain act.

Commissioners were appointed, who viewed the land, received testimony and made a report fixing the value of the

land at $1,350. Appeal was taken to the Mercer County Circuit Court. Upon stipulation it was heard by Circuit Judge Oliphant without a jury. He fixed the value of the land at $1,350, and ordered judgment to be entered.

The highway commission appeals and writes down five grounds of appeal.

The first and second grounds of appeal are argued together and seek to present that the testimony did not support the conclusion of the trial court that the value of the land taken and damage by reason of the taking of $1,350.

The appellant argues that the value found is without support in the testimony, but an examination of the testimony discloses that all witnesses, both for the commission and the respondent, substantially agreed as to the value of the land. There was some disagreement between the witnesses as to consequential damage. We conclude that there being testimony to support the finding of the trial judge, such finding will not be disturbed.

The third, fourth and fifth grounds of appeal seek to raise the question that the trial court should have determined the value of the interest of Edgar G. Dey as mortgagee, instead of fixing the value of the land taken and damage to the remainder.

The propriety of condemnation in this case is not raised by either party, and we do not pass upon that question.

The act invoked by the condemnor provides only for an examination of the land and other property and a "just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land and other property and damage aforesaid." 2 *Comp. Stat., p.* 2184. Under that act the commissioners, and, upon appeal, the Circuit Court, have no power to go beyond the clear direction of the statute to fix the value of the lands taken and damage by reason of such taking. *State Highway Commission* v. *Mayor, &c., of Dover,* 109 *N. J. L.* 303.

Appellant argues that the value of the interest of the mortgagee should have been ascertained. We have repeatedly held

to the contrary. In *Herr* v. *Board of Education,* 82 *N. J. L.* 610, Mr. Justice Swayze reviews the authorities on this subject. This court has held that in condemnation proceedings the proper issue is the value of the land taken as a whole, regardless of estates therein or liens thereon, and that the duty of commissioners in condemnation is to ascertain what sum of money is an equivalent for the rights acquired, and represents all interests acquired. In *Crane* v. *Elizabeth,* 36 *N. J. Eq.* 339, we said: "But if, in any special case, this owner ought not, in equity, to receive the fund, the Court of Chancery will, at the instance of any interested complainant, take charge of its proper distribution, and so secure those particular equities which the generality of the statute has left without express protection." This seems to be the express provision of section 8 of the act of 1900. 2 *Comp. Stat., p.* 2185.

We conclude that the trial court committed no error in not fixing the value of the mortgagee's interest in the said lands.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.