Complainant's bill alleges an easement in property which the state highway threatens to take. The easement arises because of adverse possession by complainant of adjoining land on which the side wall of his business property is erected, and if taken, will endanger the structure to the extent of where the building may collapse.
The statute of 1919, chapter 226, provides that the state highway commission shall have the right and power to enter upon and take property in advance of making compensation therefor, in any case where it cannot acquire the land by agreement with the owner, whether by reason of disagreement as to price, legal incapacity, or absence of the owner, or inability to convey valid title, or by reason of any other cause. In such case, it may enter upon and take the land in advance of compensation and then present a petition, and take proceedings in condemnation.
If, indeed, the highway commission takes the land in which the complainant alleges an easement in advance of making compensation therefor, it is compellable by mandamus to condemn the same and fix compensation to be paid therefor. The remedy of the complainant is to require the state highway commission to fulfill its statutory duty, which, after the taking, is purely ministerial and may be enforced by mandamus in the courts of law. Haycock v. Jannarone, 99 N.J. Law 183.
Where the state highway commission appropriates land or rights therein incident to the maintenance or improvement *Page 391 
of a highway without first compensating the owner therefor, his remedy is not in equity for injunction to stop the work, but at law for mandamus to compel condemnation of the property.
The chancellor wrote, in Goodavage v. State HighwayCommission, 96 N.J. Eq. 424, that even though the proofs show that the commission did not endeavor to agree with the owner as to compensation for rights to be acquired, that the remedy was not in equity, but by mandamus at law, when he said: "Assuming, as I think I must, that the defendant took possession of complainant's property, without endeavoring to agree with him as to just compensation therefor, nevertheless, the complainant's remedy is by mandamus, to require defendant to take proper proceedings to condemn." The chancellor was construing the right of the commission under P.L. 1919 p. 523.
The bill of complaint will be dismissed.