IN THE MATTER OF THE NEW JERSEY TURNPIKE AUTHORITY FOR THE CONDEMNATION OF LANDS OF EDWIN P. SWEETEN AND GERALDINE B. SWEETEN, HIS WIFE.

Argued October 6, 1952—Decided November 3, 1952.

*Mr. John Henry Reiners, Jr.* argued the cause for the appellants.

*Mr. Ward J. Herbert* argued the cause for the respondent (*Mr. Morgan R. Seiffert*, attorney).

The opinion of the court was delivered by

OLIPHANT, J.  This is an appeal under *Rule* 1:2–1(*b*) by landowners in a condemnation proceeding from a judgment of the Appellate Division of the Superior Court.

The plaintiffs, Edwin P. Sweeten and Geraldine B. Sweeten, his wife, are the owners of land in the Borough of Woodbury Heights, Gloucester County, part of which the New Jersey Turnpike Authority desired to acquire for turnpike purposes. The Authority made an offer for the land which was refused by the owners and on October 23, 1950 condemnation proceedings were instituted by the filing of a declaration of taking. Commissioners were appointed by the assignment judge of Gloucester County by order dated January 26, 1951. That order directed that the commissioners file their report on or before May 1, 1951. The time for filing of the report was later extended to July 27, 1951. The report was filed June 25, 1951.

On August 10, 1951, 41 days after the filing of the commissioners' report, notice was given by the appellants, the landowners, to the condemning authority of a motion to reconsider the report of the commissioners to the end that the award might be amended. The ground of the motion was that the award was based upon an assumption by the commissioners that the Turnpike Authority would construct for the owners a road of ingress and egress to their remaining property, which assumption was later found to be incorrect. This motion was denied October 31, 1951, and from that denial an appeal was taken to the Appellate Division. On respondent's motion that court dismissed the appeal, one of the judges thereof dissenting, and judgment was entered accordingly.

The basic question presented to us is whether the statute, *R. S.* 20:1–31 invests the judge who appoints condemnation commissioners with judicial power to order a resubmission of the subject matter to the commissioners. Our answer is in the negative. The statute in terms authorizes the judge to make "such further orders and direct such further proceedings and permit such amendments of the description, proceedings and plans as may appear reasonable or as may promote the public purposes for which the

power to condemn was conferred or the fair trial of the issue on the merits."

The only aspect of the case with respect to which appellants seek redress is the amount, the insufficiency, of the award. In such case the statute, *R. S.* 20:1–16, expressly provides the remedy, an appeal from the report of the commissioners itself and a trial on the issue of the amount of the award before a jury.

After condemnation commissioners have filed their report they are *functus officio* and any subsequent action by them would be nugatory. If the commissioners' report is not made within the time limited, their powers are at an end. *R. S.* 20:1–10. That statute is silent as to the powers of the commissioners after having made their report, but if their powers expire at the time limited for the filing of their report and no such report has been made it follows *a fortiori* that their powers would expire if a report is made upon the date it is filed or at the very latest on the day limited in the order. In *Dean v. Borough of Park Ridge*, 108 *N. J. L.* 4 (*Sup. Ct.* 1931), affirmed 109 *N. J. L.* 262 (*E. & A.* 1932), it was held the statute is mandatory so far as it relates to the duty of the commissioners and the time within which that duty must be performed, that their powers cease at the end of the time limited. Former Chief Justice Gummere said in *Schickhaus v. City of Newark*, 1 *N. J. Misc.* 485 (*Sup. Ct.* 1923), that a party aggrieved by an award of condemnation commissioners by reason of all the elements of damage not being considered should proceed by way of appeal and submission of the question to a jury. The rule is thus stated in 2 *Lewis, Eminent Domain* (*3d ed.* 1909), § 641:

"* * * but, after having once filed their report, their power over it is gone and they are *functus officio*. If they afterwards file an amended report, it is a nullity. They may perhaps be permitted by the court to amend it in formal matters only, if done within the time for filing the original report * * *."

■ There was no right in the landowners, under the law, to maintain the award already made and submit to the commissioners the single question of an increase thereof. As heretofore stated, if the award was deemed inadequate the remedy was by way of an appeal and a trial by jury. Such an appeal must be taken within ten days after the day limited for the report, *R. S.* 20:1–16, or within an extended 30-day period granted on application under R. S. 20:1–17. No such appeal was taken.

In view of the opinions, both majority and dissenting, rendered in the Appellate Division in this cause it should be stated that any controversy relating to the opinion of this court in *Bergen County Sewer Authority v. Borough of Little Ferry,* 5 *N. J.* 548 (1950), will hereafter be academic in view of an amendment to *Rule* 3:81–7, which is promulgated as the date of the filing of this opinion.

The judgment of the Appellate Division is affirmed. No costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.