MORRIS MAY REALTY CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MONMOUTH, A BODY POLITIC FUNCTIONING WITHIN SAID COUNTY AND STATE OF NEW JERSEY, AND JOSEPH C. IRWIN, VICTOR GROSSINGER, WALTER SHERMAN, ABRAHAM D. VOORHEES AND EARL WOOLLEY, DEFENDANTS-APPELLANTS.

(consolidated with)

COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MORRIS MAY REALTY CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 21, 1955—Decided April 25, 1955.

270

Mr. *Lawrence A. Carton, Jr.,* argued the cause for appellants (*Messrs. Roberts, Pillsbury & Carton,* attorneys).

Mr. *Harry Green* argued the cause for respondent.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.  In 1923 the County of Monmouth constructed a concrete roadway across lands of the New York and Long Branch Railroad in the Borough of Little Silver under a written agreement providing for vacation and surrender of the property by the county on 60 days' notice.  Morris May Realty Corp. acquired the lands from the railroad in 1952 and on May 7, 1952 gave the county notice to vacate.  The county did not surrender the lands; instead its board of freeholders on July 2, 1952, within the 60-day notice period, adopted a resolution to condemn the

property for a public highway. In March 1954 the realty company filed a specific performance action in the Superior Court, Chancery Division, and also sought damages from the board and its members. In October 1954 the county started its condemnation action in the Superior Court, Law Division. Thereupon the realty company, on motion, obtained an interlocutory order in the Chancery Division consolidating the two actions for trial in that Division and directing the determination there of all issues, including damages, without a jury. A counter-motion of the county for dismissal of the Chancery action for lack of jurisdiction of the subject matter was denied. 33 *N. J. Super.* 93 (*Ch. Div.* 1954). The county appealed to the Appellate Division under *R. R.* 2:2–3(*a*)(3) allowing appeals from interlocutory orders determining that the court has jurisdiction over the subject matter or person. We certified the appeal here of our own motion. *R. R.* 1:10–1.

The resolution of July 2, 1952 taking the road was adopted on the authority of *R. S.* 27:16–42 since amended by *L.* 1953, *c.* 27, *p.* 493, effective March 19, 1953. The statute provides that the board, upon exercising such right and entering upon and taking the property in advance of making compensation therefor, shall institute an action to fix the compensation as provided by the Eminent Domain Act, *R. S.* 20:1–1 *et seq.*, since amended by *L.* 1953, *c.* 20, *p.* 365. The statute further provides that the Board of Freeholders "may enter upon and take property * * * in advance of making compensation therefor, in any case where it cannot acquire the property by agreement with the owner." *R. S.* 27:16–48. There was a suggestion, on the oral argument, that the delay in filing the action was caused by unsuccessful efforts to negotiate the acquisition of the land by agreement with the realty company. The complaint, as required by *R. S.* 20:1–2, sought the appointment of three commissioners to fix the compensation for the property, and Assignment Judge Frank T. Lloyd, Jr., allowed an order to show cause why judgment appointing commissioners should not be rendered.

The county grounds its attack upon the Chancery Division's jurisdiction of the subject matter upon its view

of the interpretation to be given the Eminent Domain Act, invoking the settled principle that the provision of the manner and method by which the power of eminent domain shall be exercised is essentially a legislative and not a judicial function. *Bergen County Sewer Authority v. Borough of Little Ferry,* 5 *N. J.* 548, 552 (1950); *Borough of Little Ferry v. Bergen County Sewer Authority,* 9 *N. J.* 536 (1952), *certiorari* denied 344 *U. S.* 865, 73 *S. Ct.* 105, 97 *L. Ed.* 670 (1952).

█ It is contended first that, by force of the statute, exclusive jurisdiction of the action in condemnation attached in Judge Lloyd as statutory agent exercising a delegated authority and that Judge Lloyd could not be divested of that function by the order of another judge or division of the court. That argument has no merit in light of the 1953 amendments of *R. S.* 20:1-2 of the Eminent Domain Act. Formerly that section read in such wise that the appointments of commissioners were made by the judges as legislative agents merely and no function of the court was involved; the proceeding was commenced by petition filed with a Superior Court judge, who succeeded in that regard to the function of the justices of the former Supreme Court and the judges of the former Circuit Court. *Bergen County Sewer Authority v. Borough of Little Ferry, supra.* But by the 1953 amendments the Legislature relieved the Superior Court judges of the duty of functioning individually as statutory agents and placed condemnation actions in the category of judicial actions within the jurisdiction of the Superior Court. This was done by the amendment of *R. S.* 20:1-2, effective July 1, 1953, which requires the institution of a condemnation proceeding by "an action in the Superior Court."

█ No division of the court is specified in the amended statute. It follows that both the Law Division and the Chancery Division may exercise the conferred jurisdiction. Ordinarily the action should be processed in the Law Division but in a proper case an action may be consolidated, as here, with an action pending in the Chancery Division. The test

is whether the requirements of *R. R.* 4:43 governing consolidation of actions are met. Each Division, by constitutional mandate, exercises the powers and functions of the other when the ends of justice so require. *Const.* 1947, *Art.* VI, *Sec.* III, *par.* 4. This provision serves one of the important objectives of our new judicial system to minimize confusion and waste of judicial effort by requiring that legal and equitable relief be granted in any cause so that all matters in controversy between the parties may be completely determined. See, *Steiner v. Stein,* 2 *N. J.* 367 (1949), *O'Neill v. Vreeland,* 6 *N. J.* 158, 166 (1951). The Legislature's substitution of an action in the Superior Court for the former statutory agency of the individual judge furthers the attainment of those ends.

The county's alternate argument is that the realty company is entitled only to compensation for the lands as determined in the condemnation, which action cannot be defeated by the 1923 agreement, so that in the circumstances the Chancery Division should have dismissed the realty company's action founded upon the agreement. This argument is more accurately descriptive of the strength of the county's defense to the claim on the merits; it has no merit as a contention that thereby the court lost jurisdiction of the subject matter of the action. We agree that the agreement cannot bar the county's exercise of the power of eminent domain. That right is an inherent attribute of sovereignty, "an inherent power founded in the primary duty of government to serve * * * the general welfare." *Bergen County Sewer Authority v. Borough of Little Ferry, supra.* The agreement, made 30 years ago by one board of freeholders, cannot stand in the way of an action of the incumbent board found to be in the public interest. The claims for specific performance and mandatory injunction to compel performance of the agreement must therefore fail upon payment of just compensation for the lands taken. And, as the award is for value at the time of the taking, see *Price v. Weehawken Ferry Co.,* 31 *N. J. Eq.* 31 (*Ch.* 1879), and carries interest and costs, *R. S.* 20:1–13, the damage claims against the

freeholders, as a board and individually, will also fail. But the Eminent Domain Act permits the county to abandon the condemnation at the times and upon the conditions set forth in *R. S.* 20:1–30. In these circumstances, so long as the county is in a position to abandon the condemnation, a dismissal of the realty company's suit would be neither fair nor just. Rather, its disposition should be held in abeyance until the condemnation action is carried through to a conclusion, or abandoned.

However, the county is entitled to have the compensation determined in the condemnation action according to the manner and method provided by the Eminent Domain Act. The order on appeal goes too far in providing for the trial of that issue by the Chancery Division judge without the intervention of commissioners and otherwise according to that statute. The compensation to which the realty company is entitled is not, as it argues, merely damage incidental to the equitable relief it seeks. *Cf. Garrou v. Teaneck Tryon Co.*, 11 *N. J.* 294, 35 *A. L. R. 2d* 1125 (1953); *Steiner v. Stein, supra.* Its payment is constitutionally required as an essential incident to the taking of private property for public use. *Const.* 1947, *Art* I, *par.* 20. The courts properly defer to the legislative will as to the mode by which the compensation shall be determined, a matter like other aspects of the proceeding peculiarly within legislative cognizance. The Legislature has said that the amount of compensation shall in the first instance be determined by three commissioners appointed in the action, *R. S.* 20:1–2, that the commissioners' report may be appealed by any party interested, *R. S.* 20:1–16, and that the appeal shall be tried by jury upon demand of any party to the appeal. Our rules of court implement these provisions, *R. R.* 4:92–1 *et seq.* These are rights provided by the Legislature which the courts will assure the parties. And as between the two actions consolidated herein, we have noted that the condemnation action takes the first and not the second place.

The order on appeal is affirmed to the extent that it directs that the actions be consolidated and denies the county's motion

to dismiss the realty company's Chancery action, but is reversed as to the provision that "the Chancery Division of this Court determine all matters in issue, including damages. without a jury"; and it is directed that the Chancery Division proceed as promptly as may be with the condemnation action according to the provisions of the Eminent Domain Act and that in all other respects further proceedings in the consolidated cause shall be consistent with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.