54 N.J. Super. 274 (1959)
148 A.2d 735
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
AUGUSTINE T. FISHER AND MADELINE H. FISHER, DEFENDANTS-APPELLANTS, AND BOROUGH OF TOTOWA, ETC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1958.
Decided February 27, 1959.
*277 Before Judges PRICE, HALL and GAULKIN.
Mr. Victor Greenburg argued the cause for defendants-appellants (Messrs. Greenburg, Wilensky & Feinberg, attorneys).
Mr. David M. Satz, Jr., Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Morton I. Greenberg, Legal Assistant, on the brief).
The opinion of the court was delivered by HALL, J.A.D.
This is a condemnation case. The actual taking of the property for highway purposes occurred a considerable number of years before the institution of the condemnation action. After the award of the condemnation Commissioners, appellants, the owner of the property involved and his wife, sought, by petition and order to show cause in the Law Division, to compel the payment by the State of a "fair and equitable rate" of interest on the award *278 from the date of the actual taking until the filing of the complaint, allegedly to compensate them for the loss of use of the property during that period. The order to show cause was dismissed on the return day. The appendix does not disclose the reasons assigned by the trial judge for his action. This appeal is from the judgment of dismissal.
In the early part of 1940 appellants were the owners of a tract of land fronting on the then location of State Highway Route No. 6 in the Borough of Totowa. The State Highway Commissioner determined to relocate the road in that area and took possession of a part of appellants' lands about 105 feet front and from 20 to 30 feet deep for that purpose under his right to do so in advance of payment of compensation therefor. R.S. 27:7-22. The relocated road was shortly thereafter constructed across this parcel and a small part of appellants' remaining lands were utilized by way of slope rights and for the discharge of water from a drainage ditch. We accept as true appellants' statement that the taking took place not later than the early part of January, 1940, since plaintiff filed no answer to the instant petition so alleging. There appears to be no question but that appellants were deprived of all use of the property taken from that time.
During the ensuing 16 years the parties were apparently unable to agree on the compensation to be paid, but the Commissioner did nothing by way of institution of condemnation proceedings until the complaint in this action was filed November 15, 1956. R.S. 27:7-22 directs the Commissioner to commence an action "upon * * * exercising the right of condemnation and entering upon and taking land * * *." The statute does not contemplate any significant delay. See State by State Highway Com'r v. Jones, 27 N.J. 257, 261 (1958); cf. Haycock v. Jannarone, 99 N.J.L. 183 (E. & A. 1923); Goodavage v. State Highway Commission, 96 N.J. Eq. 424 (Ch. 1924).
In the usual form, the complaint demanded judgment for the appointment of three Commissioners in accordance with *279 our eminent domain statute (R.S. 20:1-2, as amended L. 1953, c. 20) to fix the compensation to be paid for the taking of the land and premises, including the damage, if any, resulting from the taking to any remaining property, "as of the date of the commencement of this action." Such is the command of the statute. R.S. 20:1-9 as amended, L. 1953, c. 20. Appellants filed no answer to the complaint, and the usual judgment was entered on December 21, 1956 appointing Commissioners and directing them to fix compensation as prayed in the complaint.
The Commissioners examined the property and held a hearing at which the parties were represented by their attorneys. The report was filed September 19, 1957 (within the time fixed by the judgment and orders extending the same). It was stated therein: "And we do hereby report the compensation to be paid by the plaintiff as aforesaid to be as follows: Fifteen Hundred Eighty Dollars ($1580) including therein use by the State." (Emphasis ours.) It is to be presumed that the Commissioners, pursuant to the statute and the judgment, ascertained the value of the land taken and damages to the remainder as of the date of institution of suit and then added thereto some figure representing their opinion of the loss of the owners' use or benefit from the land since the actual taking. It is to be noted that there is no breakdown in the report to indicate how much of the figure thereof was awarded for such use and how much for the value of the property taken and damage to the remainder. No appeal was taken by either party. R.S. 20:1-16, as amended. The time for any such appeal expired ten days from September 21, 1957, the date on which plaintiff served a copy of the report on appellants' attorney. R.R. 4:92-6(a). The present petition was filed long after that date, so it may not in any sense be considered as an appeal. Appellants concede that the award has become a finality.
Appellants argue that the Commissioners had no power or authority to include in their award the element of use by the State prior to the institution of the action; that the *280 language in the report to that effect should therefore be treated as mere surplusage, and that appellants are entitled to compensation for such use to be allowed by the Law Division adding to this award interest thereon from the date of the taking.
The short and conclusive answer to appellants' claim for the relief sought (apart from any procedural questions) is that it would be inequitable to add interest to the amount of the award as made to compensate for any loss of use of the property taken when the Commissioners, rightly or wrongly (a question which we need not decide, although observing that the scope of power granted to these legislative creatures is sharply specified, R.S. 20:1-9, as amended, but see Bowen v. State Highway Commissioner, 8 N.J. Misc. 252 (Sup. Ct. 1930) and State v. Jones, supra (27 N.J., at page 263)), included some undisclosed amount for "use by the State" in the figure of compensation awarded. To add interest for a 16-year period on top of such an award would grant a double allowance for the owners' deprivation of use to some unknown extent. By the same token, treating the language "including therein use by the State" as mere surplusage, as appellants suggest, would also allow more compensation for the taking and damage to the remainder than the Commissioners determined.
Allowance by the court of interest on an award serves the purpose in this State of compensating an owner for any loss suffered by him by reason of delay between the actual taking and the ultimate ascertainment of damages, and thereby assuring him of the full measure of "just compensation" required by the Constitution (1947, Art. I, par. 20; 1844, Art. I, par. 16) in view of the limitation of the implementing legislation fixing the date of commencement of the action as that as of which condemnation Commissioners shall determine value and the amount to be paid (R.S. 20:1-9, as amended; cf. R.S. 20:1-2, as amended). Bergen County Sewer Authority v. Borough of Little Ferry, 15 N.J. Super. 43 (App. Div. 1951); see State v. Jones, supra (27 N.J., at page 261). But such *281 allowance must be determined "according to the considerations of equity and fair dealing in order to accomplish justice in each particular case" (Bergen County Sewer Authority v. Borough of Little Ferry, supra (15 N.J. Super., at page 52); New Jersey Highway Authority v. Ellis, 24 N.J. 1, 7-8 (1957); In re Parking Authority of Hackensack, 30 N.J. Super. 534, 543 (App. Div. 1954)). In the manner in which this case reaches us and on the record before us, we need not be concerned with the difficult problem, considering the present state of our legislation adverted to above, of the proper method of ascertainment of just compensation where there has been a substantial delay between the taking and the award. See 13 Rutgers L. Rev. 284 (1958) and State v. Jones, supra (27 N.J. at page 263). It may be noted that, as far as this record shows, there is not involved any question of natural increase in value in the interim (see Bowen v. State Highway Commissioner, supra), or of increase resulting from improvements or changes made by the condemnor subsequent to the taking as discussed by way of dictum in Jones. Suffice it to say that, under the particular circumstances here present, the trial court was eminently correct in denying the relief sought on the basis of lack of equity alone.
Furthermore, from the procedural standpoint (and here we refer to procedure in the sense of judicial power), we are of the opinion that the Law Division has no power in any way to deal with or alter the award of the Commissioners set forth in their filed report, absent any appeal (R.S. 20:1-16, as amended; R.R. 4:92-6 and 7). In New Jersey the sovereign power of eminent domain resides in the legislative branch of the government. The manner and scope of its exercise must necessarily be as prescribed by legislation. Courts only come into the process in the way and to the extent that the Legislature directs and properly defer to the legislative will as to the mode by which compensation shall be determined. Morris May Realty Corp. v. Board of Chosen Freeholders of the County of Monmouth, 18 N.J. 269, 277 (1955); Abbott v. Beth Israel *282 Cemetery Association of Woodbridge, 13 N.J. 528, 543-546 (1953); Ryan v. Housing Authority of Newark, 125 N.J.L. 336 (Sup. Ct. 1940). Judicial participation is limited by our present statute to determination of "an action in the Superior Court for the appointment of three commissioners to fix the compensation to be paid" (R.S. 20:1-2, as amended), and to hearing an appeal from the report by any dissatisfied party, with or without a jury (R.S. 20:1-16, as amended), which amounts to a complete trial de novo without regard or reference to the award of the Commissioners. The initial action is a very limited one and is concluded by a final judgment of appointment. After its entry no further action is required or possible by the trial court (except extension of time to file the report, the appointment of substituted Commissioners and the allowance of their fees and expenses (R.R. 4:92-4 and 5), and the hearing of a claim by the owner in the action to recover the amount awarded (R.S. 20:1-13, as amended)). The report is simply filed and need not be confirmed. The appeal is in practical effect an entirely new action resulting in another final judgment. Tennessee Gas Transmission Co. v. Hirschfield, 38 N.J. Super. 132, 136-137 (App. Div. 1955).
It follows from these fundamentals that the Law Division has no power to correct or alter the filed report or even to order the resubmission of the subject matter or any part to the Commissioners. In re New Jersey Turnpike Authority, 10 N.J. 456 (1952); cf. State Highway Commission v. Dey, 110 N.J.L. 197 (E. & A. 1932). (By the same token the Commissioners' powers are completely at an end once their report is filed.) While the Turnpike case was decided before L. 1953, c. 20 amended R.S. 20:1-2 to authorize the court to exercise "its full jurisdiction" in the appointment action, we do not conceive that the amendment changed the rule of the cited case in the aspect now under discussion. The amendment, putting the appointment action within the judicial province of the court as distinct from its former status as a mere statutory agent of the Legislature (Ryan v. Housing Authority of Newark, supra), *283 was designed to enable the court to determine, initially and in the appointment action, the matter of the right to condemn and related questions which previously had to be raised by action in lieu of prerogative writ to review the order of appointment. Ryan v. Housing Authority of Newark, supra; Bergen County Sewer Authority v. Borough of Little Ferry, supra. The effect of the present state of the legislation in the light of these basic principles, therefore, is that assuming condemnation Commissioners have no power to determine anything except the amount of compensation to be paid based on values as of the date of the commencement of the action, the court is without jurisdiction to add interest to an award to compensate for deprivation of use and the like, even where equitable considerations dictate it, except following an appeal from the report and trial thereon. In fact, perusal of our reported cases where interest has been allowed for such purpose discloses none where the action of the court did not take place following an appeal and in connection with the judgment thereon. We might make the observation that the awkwardness and expense of having to go through an appeal to accomplish this end, where all parties are satisfied with the amount awarded for the actual taking and any damages to the remainder, indicate the desirability of some statutory or other correction of the situation receiving consideration.
The judgment is affirmed.