CHARLENE DOBBINS, INFANT BY HER GUARDIAN *AD LITEM*, PAULINE DOBBINS WHITNEY AND PAULINE DOBBINS WHITNEY INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. BOARD OF EDUCATION OF HENRY HUDSON REGIONAL SCHOOL, DEFENDANT-RESPONDENT.

Argued February 19, 1975—Decided March 20, 1975.

*Mr. Philip G. Auerbach* argued the cause for appellants (*Drazin, Warshaw, Auerbach and Rudnick,* attorneys).

*Mr. John E. Riehl* argued the cause for respondents (*Wolff & Britt,* attorneys, *Mr. Roy F. Britt* on the brief).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed by the Appellate Division in its majority opinion. 133 *N. J. Super.* 13.

CONFORD, P. J. A. D., Temporarily Assigned (dissenting). In my view this is purely, as recognized by the dissenter in the Appellate Division, a case of liability of a school board for breach of its well-recognized duty "to exercise reasonable supervisory care for the safety of students." *Titus v. Lindberg,* 49 *N. J.* 66, 73 (1967) ; and see *Jackson v. Hankinson and Bd. of Ed. of New Shrewsbury,* 51 *N. J.* 230, 233 (1968). The fact that the *locus* of the injury resulting from such breach of duty happens to be school property is irrelevant, and, as I see it, *N. J. S. A.* 18A:20–35 was not intended and should not by a blindly literal reading of it be deemed to relieve the school board of its liability.

Literally, any one present on school property is "using" it, in a sense. If the statute were, accordingly, taken to mean that anyone injured while on school property, is, by virtue of that fact alone, precluded from maintaining an ac-

tion for breach of a school board's duty of reasonable supervision of pupils perforce of the statute, recovery could not have been had in the *Titus* case, cited above. Yet this court's allusion to the statute in that case (49 *N. J.* at 77–78) makes it clear we did not deem it a bar to the cause of action.

It seems to me that Judge Bigelow pointed the way, broadly, to the intrepretation of *N. J. S. A.* 18A:20–35 which is appropriate here, when, in *Estelle v. Bd. of Ed., Red Bank,* 26 *N. J. Super.* 9, 18 (App. Div. 1953), mod. other grounds, 14 *N. J.* 256 (1954), he distinguished between injuries from defects in the "design, construction or maintenance" of the premises and those arising from "activities conducted there", the latter not to be considered as arising from "use" of the premises. In the present case there was no default of "maintenance" or any claim based thereon, as assumed by the Appellate Division majority below. There is nothing unusual or dangerous about a gravel-covered parking lot, *qua* parking lot. This is a situation commonly observed. But it is clearly inferable that such a parking lot is not a safe place to conduct footraces between pupils in a physical education class.[1] The determination by the majority for immunity of the board in such a situation because the plaintiff, although *in invitum,* was "using" the parking lot, makes no more sense than would the dismissal perforce of the statute of an action by a student injured by reason of his obedience to a command by his swimming teacher to dive into a school pool containing water to an inadequate depth. There, too, the pupil would have been injured in the course of his "use" of the property. But it is not conceivable that the legislature intended to bar liability of the school authorities in such cases when enacting the immunity statute in 1933, and I find no decided case supporting such a result.

---

[1] Thus, too, if the running child were struck by a car emerging from its parked position, the Board's liability for providing a racing site unsafe in relation to traffic should not be negated because the area was being "used" by the child.

The question of whether alleged contributory negligence of the pupil should have been submitted to the jury presents a closer issue. I incline to the view that the trial judge properly struck the defense since the girl was simply carrying out the mandate of her supervisor. This was a race, and the plaintiff was being called upon to run swiftly rather than carefully.

I would reverse the judgment of the Appellate Division and reinstate the jury award.

Chief Justice HUGHES and Justice JACOBS join in this dissent.

*For affirmance*—Justices MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—4.

*For reversal*—Chief Justice HUGHES, Justice JACOBS and Judge CONFORD—3.