148 N.J. Super. 34 (1977)
371 A.2d 815
SUSAN MAGRO ET AL., PLAINTIFFS-APPELLANTS,
v.
CITY OF VINELAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1977.
Decided March 9, 1977.
*35 Before Judges CARTON, KOLE and LARNER.
Messrs. Lipman, Antonelli, Batt & Dunlap, attorneys for appellants (Mr. Gerald J. Batt, on the brief).
Messrs. Horn, Weinstein & Kaplan, attorneys for respondent.
The opinion of the court was delivered by LARNER, J.A.D.
The infant plaintiff, 14 years of age, was injured on July 22, 1970 while diving from a makeshift *36 diving board into an abandoned pond or lake owned by the City of Vineland. The lake had been formed by the natural seepage of water into a "sandwash" and was acquired by the municipality with other land for ultimate development as a park.[1] As of the time of the occurrence, however, it was "predominantly rural * * * undeveloped, unoccupied, and unimproved."
Plaintiffs further alleged in the complaint that from time to time children were attracted to the area and went swimming in the lake with the knowledge of defendant and that defendant was negligent in failing to exercise due care in its maintenance and in failing to warn users of the dangers caused by the shallowness of the water.
Defendant moved for summary judgment supported by an affidavit of the superintendent of recreation which described the lands in question and their condition as of the time of the accident in 1970. Plaintiff supplied no proofs by affidavit or otherwise in response, despite the obligation to present specific facts in verified form in an effort to demonstrate that there was a genuine issue for trial. R. 4:46-5.[2]
The trial judge granted summary judgment in favor of the city based upon the statutory immunity granted to municipal entities for injury from the use of "public grounds" (N.J.S.A. 40:9-2),[3] as well as that granted to property owners generally by N.J.S.A. 2A:42A-2 to 5 for injury to a person from the use of lands for "sport and recreational activities."
*37 In our opinion the summary judgment for defendant was warranted by virtue of the immunity created by N.J.S.A. 2A:42A-2 to 5 and it is therefore unnecessary to consider whether the "public grounds" statute, N.J.S.A. 40:9-2, applies to the undeveloped lands involved herein.[4]
N.J.S.A. 2A:42A-2 defines the nature of the activity which triggers the statutory immunity in the following:
As used in this act "sport and recreational activities" means and includes: hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.
N.J.S.A. 2A:42A-3 absolves the property owner from any duty of care toward those encompassed by section 2 in the following language:
a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.
*38 And N.J.S.A. 2A:42A-5 summarizes the immunity by providing:
Nothing in this act shall create a duty of care or ground of liability for damages for the death or injury to person or property.
In former adjudications by this court it has been held that the immunity granted by the foregoing statute was intended to apply to "nonresidential, rural or semi-rural land whereon the enumerated sports and recreational activities are conducted." Odar v. Chase Manhattan Bank, 138 N.J. Super. 464, 468 (App. Div.), certif. den. 70 N.J. 525 (1976). See Boileau v. DeCecco, 125 N.J. Super. 263, 267 (App. Div. 1973), aff'd 65 N.J. 234 (1974).
The undisputed facts establish that the nature of the lands herein as rural, undeveloped and unimproved, and the use thereof by plaintiff for swimming qualify to bring into play the immunity granted by the statute, as construed in the foregoing opinions.
Plaintiff asserts, nevertheless, that the statute does not apply to her because she was an infant 14 years of age at the time of the occurrence. She relies on the holdings of two Law Division opinions which carve out of the immunity of the foregoing statute an exception in favor of infant trespassers. See Scheck v. Houdaille Const. Materials, Inc., 121 N.J. Super. 335 (Law Div. 1972); O'Connell v. Forest Hill Field Club, 119 N.J. Super. 317 (Law Div. 1972).
We do not agree with the rationale or conclusion of these cases. Both courts applied decisional law relating to liability of landowners in general to infant trespassers rather than the statutory precept because of the absence of affirmative evidence in the legislative language or history reflecting an intent that the statute apply to infants.
Our study of the legislation and its history has failed to produce a single clue, direct or circumstantial, whereby it can be inferred that the Legislature intended to exempt infant claimants from the statutory immunity. The language *39 of the statute is clear and unequivocal. It negates the existence of any duty of care on the part of the landowner to any person using the lands for sport and recreational activities, whether it be to keep the premises safe or to give warning of a hazardous condition thereon. And this absence of duty applies whether that person is a trespasser or a licensee.
The elimination of a duty by the landowner under the conditions encompassed by the statute clearly negates liability for injury, since negligence can only arise out of the existence of a duty to exercise due care. See Brody v. Albert Lifson & Sons, 17 N.J. 383, 389 (1955); Bohn v. Hudson & Manhattan R. Co., 16 N.J. 180, 184 (1954). See also Prosser, Torts, (4th ed. 1971), § 53 at 324. And where the Legislature has expressed its intent to exempt certain landowners from any duty of care toward those engaged in the listed activities, it is beyond the power of the judiciary to carve out an exception for a class of injured persons simply because they are under the age of 18 years.
A legislative mandate cannot and should not be thwarted by the courts to achieve a result not contemplated or intended by the Legislature. Where that mandate is clearly expressed and there is no warrant for alternative construction, a court may not impose its view as to what the law should be. See State v. Fearick, 69 N.J. 32, 37-38 (1976); Dacunzo v. Edgye, 19 N.J. 443, 450-452 (1955); Petrangeli v. Barrett, 33 N.J. Super. 378, 386 (1954). In this instance the legislative branch has spoken and it is our duty to enforce the law as written. The statute grants immunity to a landowner under the facts herein  an immunity equally available to a public entity and a private individual or corporation.
Affirmed.
NOTES
[1] These are facts derived from the allegations in the complaint.
[2] This deviation from proper practice is continued in plaintiff's bald assertions of fact in the appellate brief which have no support in the proofs below.
[3] N.J.S.A. 40:9-2 was the controlling statute in 1970 when this cause of action arose. Subsequently in 1971, it was incorporated in the revision of Title 40 and became N.J.S.A. 40A:12-26 (L. 1971, c. 199, § 26). This provision was in turn repealed by the Tort Claims Act of 1972 (N.J.S.A. 59:12-2), but the latter statute generally preserves the same immunity for injury caused by a condition of unimproved public property in N.J.S.A. 59:4-8.
[4] As to application of N.J.S.A. 40:9-2, see Fahey v. Jersey City, 52 N.J. 103 (1968); Schwartz v. Stockton, 32 N.J. 141 (1960); Dobbins v. Henry Hudson Reg. High Bd. of Ed., 133 N.J. Super. 13 (App. Div. 1974), aff'd o.b. 67 N.J. 69 (1975) (involving N.J.S.A. 18A:20-35 applicable to boards of education); Caltavuturo v. Passaic, 124 N.J. Super. 361 (App. Div.), certif. den. 63 N.J. 583 (1973).