573 A.2d 532

STATE OF NEW JERSEY BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF, v. JOHN F. MCCARTHY, JR., TRUSTEE; TOWNSHIP OF MONTGOMERY IN THE COUNTY OF SOMERSET, A MUNICIPAL CORPORATION, OF NEW JERSEY, DEFENDANTS.

STATE OF NEW JERSEY BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF, v. JEFFREY H. SANDS; TOWNSHIP OF MONTGOMERY IN THE COUNTY OF SOMERSET, A MUNICIPAL CORPORATION, OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division Somerset County

Decided February 2, 1990.

*Drew K. Kapur* for plaintiff (*Peter N. Perretti, Jr.,* Attorney General of New Jersey, attorney; *Drew K. Kapur* on the brief).

*S. Philip Klein* for defendants (*Ozzard, Wharton, Rizzolo, Klein, Mauro, Savo & Hogan,* attorneys; *S. Philip Klein* and *Arthur D. Fialk* on the brief).

DIANA, A.J.S.C.

The instant consolidated condemnation cases involve the State of New Jersey's ("the State") acquisition of two parcels of unimproved property for state highway purposes in accordance with *N.J.S.A.* 27:7–22 and –66 *et seq.* (the "Alignment Preservation Law"). The subject property is located in Montgomery Township, Somerset County.

The parties were unable to agree on the amount of compensation to be paid for the taking; thus, an action was commenced under "the Eminent Domain Act of 1971." *N.J.S.A.* 20:3–1 *et seq.* Verified complaints were filed, and orders to show cause were entered pursuant to *N.J.S.A.* 20:3–8. By order dated July 14, 1989, the State was adjudged to have duly exercised its power of eminent domain, and three condemnation commissioners were appointed under the authority of *N.J.S.A.* 20:3–12. After a number of extensions of the date by which the commis-

sioners were to file their report, the matter is now on the eve of the commissioners' hearing.

The State has filed a motion *in limine*, whereby it seeks an order excluding, from the commissioners' hearing, evidence that the subject property had received preliminary major subdivision approval from the Montgomery Township Planning Board ("the planning board"). Defendants have filed a cross-motion for an order permitting introduction of evidence of the subdivision approval in question.

The immediate dispute arises from an apparent conflict between provisions of both the Municipal Land Use Law (*N.J.S.A.* 40:55D-1 *et seq.*) and the aforementioned Alignment Preservation Law. In short, the State relies upon *N.J.S.A.* 27:7-67 and maintains that, at the time the subdivision approval was granted, the planning board was without authority to take any action on the application. It further contends that the planning board's approval was, therefore, *ultra vires*, and evidence of said approval must be barred from the commissioners' hearing. Defendants argue that *N.J.S.A.* 40:55D-22 supercedes or modifies *N.J.S.A.* 27:7-67. Approval by the planning board, defendants assert, was entirely proper, and evidence of same should be introduced at the commissioners' hearing.

It is apparent that the ultimate resolution amounts to a determination of whether the evidence that the property was preliminarily approved for subdivision is admissible at the commissioners' hearing. The more fundamental question of whether the court has jurisdiction to resolve this dispute emerges.[1] Exhaustive research has failed to disclose a reported decision which addresses this question.[2] For the reasons expressed

_____

[1] Neither side has addressed this issue; however, the court has decided to because of its obvious importance.

[2] In *State v. Com'r of Transp. v. Siris*, 191 *N.J.Super.* 261, 466 *A.2d* 96 (Law Div.1983), the court resolved a dispute concerning evidence after the commissioners' hearing was interrupted. The issue of jurisdiction was not addressed.

below, I am of the opinion that, at this stage of the litigation, this court is without jurisdiction to consider the motion and cross-motion.

Prior to the enactment of the current Eminent Domain Act in 1971, condemnation actions were governed by *N.J.S.A.* 20:1–1 *et seq.* At that time, judicial participation in condemnation proceedings was extremely circumscribed. The following passage from *Bergen County Sewer Authority v. Little Ferry*, 5 *N.J.* 548, 76 *A.*2d 680 (1950), accurately reflects this limited role:

> ... The right of eminent domain is an inseparable attribute of sovereignty—an inherent power founded in the primary duty of government to serve the common need and advance the general welfare—and its exercise is essentially a legislative and not a judicial function. Hence the judicial officer designated to appoint the commissioners who fix the compensation to be paid for the expropriation of private property acts as a mere legislative agent in furtherance of the legislative will upon the ascertainment of certain facts according to the standard laid down in the statute which is a properly delegated legislative function. It is not in essence the exercise of judicial authority within the intendment of Article III of our present Constitution pertaining to the division of governmental powers. The statutory jurisdiction is not conferred upon the courts as such but upon the individual judges thereof, *designatio personae*, who act in exercising it solely in the capacity of legislative agents exercising a delegated authority. [at 552, 76 *A.*2d 680; citations omitted]

In 1953, *N.J.S.A.* 20:1–2 was amended to require the institution of a condemnation proceeding by "an action in the Superior Court." As noted by the Supreme Court in *Morris May Realty Corp. v. Bd., etc., County of Monmouth*, 18 *N.J.* 269, 275, 113 *A.*2d 649 (1955) it appeared that "the Legislature relieved the Superior Court judges of the duty of functioning individually as statutory agents and placed condemnation actions in the category of judicial actions within the jurisdiction of the Superior Court." Thereafter, the function of the judiciary in condemnation proceedings expanded. *See, e.g., N.J. Turnpike Authority v. Jersey City*, 36 *N.J.* 332, 177 *A.*2d 539 (1962); *State, by State Highway Com'r. v. Seaway, Inc.*, 46 *N.J.* 376, 217 *A.*2d 313 (1966); *but see State v. Fisher*, 54 *N.J.Super.* 274, 148 *A.*2d 735 (App.Div.1959).

The current Eminent Domain Act[3] includes language conferring far-reaching jurisdiction upon the Superior Court. *N.J. S.A.* 20:3–5 provides as follows:

> The court shall have jurisdiction of all matters in condemnation, and all matters incidental thereto and arising therefrom, including, but without limiting the generality of the foregoing, jurisdiction to determine the authority to exercise the power of eminent domain; to compel the exercise of such power; to fix and determine the compensation to be paid and the parties entitled thereto, and to determine title to all property affected by the action.

However, the Legislature declined to vest in the court exclusive authority to resolve the amount of compensation which is to be paid for the taking. Rather, the Legislature, consistent with the earlier practice, provided for a preliminary determination of just compensation to be made by condemnation commissioners. *N.J.S.A.* 20:3–12(b) states:

> Upon determination that the condemnor is authorized to and has duly exercised its power of eminent domain, the court shall appoint 3 commissioners to determine the compensation to be paid by reason of the exercise of such power. Such commissioners shall be residents of the county in which any part of the property being condemned is located or, in the case of the commissioner who must be an attorney, be actively engaged in the practice of law in the county. One of such commissioners shall be an attorney, admitted to practice in this State for at least 10 years, who *shall preside at all hearings and rule on all questions of evidence and procedure, subject to a review by a majority of the commissioners.* The commissioners shall take and subscribe an oath faithfully and impartially to perform their duties, and to make a true award to the best of their skills and understandings, which oath shall be filed with their award. Should a commissioner die, become disqualified, unable, neglect or refuse to act, the remaining 2 commissioners shall perform the duties of office with the same authority as if all commissioners were acting. The court may fill any vacancy in office, and for cause, may vacate any appointment and appoint a successor in office. [Emphasis supplied]

It is eminently clear that our Legislature has empowered the presiding commissioner to consider and rule on evidentiary issues, subject to review by a majority of commissioners. The judiciary is prohibited from seizing that authority which has been entrusted to a legislative body. *Property Owners Assn. of N. Bergen v. Tp. of N. Bergen,* 74 *N.J.* 327, 338, 378 *A.*2d 25

---

[3]It should be noted that *R.* 4:73 currently governs the procedural aspects of condemnation actions.

(1977). Furthermore, the function of the courts is to enforce the legislative will as provided in the clear language of the statute, and courts must refrain from frustrating legislative mandates so as to achieve a result not contemplated by the Legislature. *Magro v. City of Vineland,* 148 *N.J.Super.* 34, 39, 371 *A.*2d 815 (App.Div.1977); *see In re Jamesburg High School Closing,* 83 *N.J.* 540, 548, 416 *A.*2d 896 (1980).

In summary, as evidenced by *N.J.S.A.* 20:3–5, the current role of the courts in condemnation actions is rather sweeping; however, it is not comprehensive. The Legislature has expressly delegated to the condemnation commissioners authority to rule on the admissibility of evidence at the commissioners' hearing. If dissatisfied with the award of commissioners for reasons including an evidentiary decision by the commissioners, either party may appeal the award and, is thereby, entitled to a trial *de novo* in the Superior Court.

As this court finds itself without jurisdiction, no decision is rendered on either the motion or cross-motion.