Metler v. Easton and Amboy Railroad Co.

Justice BEDLE concurred.

WILLIAM H. METLER v. THE EASTON AND AMBOY RAILROAD COMPANY.

1. On proceedings to condemn lands required by a railroad company, the date of the report of the commissioners is the time with reference to which the valuation of the land and damages for the taking, is to be made by the jury on the trial of the appeal.
2. Interest from the date of the award of the commissioners should, as a general rule, be allowed, not strictly as damages, but as an equitable mode of compensating the owner for the necessary delay in ultimately ascertaining the amount he is entitled to be paid.
3. This general rule for the allowance of interest, is liable to be controlled by the circumstances of each case. If the owner has had the profitable use of the premises, or has received rents pending the appeal,

Metler v. Easton and Amboy Railroad Co.

these circumstances should be taken into account, and interest abated accordingly.

4. If the owner is the sole appellant, and the verdict is not in excess of the award of the commissioners, interest should be disallowed. In that event, the owner is the cause of the delay.

5. If the company is also an appellant, interest should be allowed. By its appeal, the award of the commissioners is superseded, and the power of the owner to enforce payment of his compensation is suspended until the issue is tried.

6. In proceedings under statutes for the condemnation of lands, costs are not recoverable, unless given by the statute; and, if given by the statute, the allowance of them in any case will depend upon the terms of the enactment.

7. The charter of the company providing that, if the owner appeals, and the jury find the same or a less sum than the company shall have offered, or the commissioners awarded, the costs shall be paid by him; *held*, that if the jury find a less sum as the valuation of the land and damages than was awarded by the commissioners, exclusive of interest, the owner who appeals must pay costs, although the company also appeals.

---

Argued at June Term, 1874, before Justices DALRIMPLE and DEPUE.

For the plaintiff, *Dumont*.

For the defendants, *Shipman*.

DEPUE, J. The Easton and Amboy Railroad Company, having located the route of their railroad over the lands of the plaintiff, and being unable to agree with him for the use or purchase of so much thereof as was required for the construction of their railroad, obtained the appointment of commissioners to condemn the same, under the eighth section of their charter. (*Acts*, 1872, *p*. 317.) The commissioners awarded the gross sum of $4120 as the value of the land and damages. Both parties, being dissatisfied, appealed, and separate rules for an issue were granted. These rules were subsequently consolidated, and each party allowed the privilege of taking down the issue for trial.

The cause was noticed for trial by the plaintiff, who carried down the record to the circuit. A jury also was struck on his application.

On the trial, the jury, by their verdict, found the value of the lands taken to be the sum of $1155, and assessed the damages incident to the taking, at the sum of $2765, and found as interest on these two sums, the sum of $225.92, making the entire sum of $4145.92 for land, damages, and interest. This sum exceeds the amount awarded by the commissioners, because of the allowance of interest from the date of the award to the first day of the then next term of this court. Exclusive of interest, the valuation of the land and damages, as made by the jury, is less than the amount awarded by the commissioners.

On the coming in of the *postea*, the defendant's counsel insisted that judgment should be entered for the sum found by the jury as the value of the land and damages, excluding the allowance for interest, and applied for an allowance of costs to the defendants.

The time when the appraisement was made by the commissioners is the period with reference to which the valuation of the land and damages for the taking is to be made by the jury on the trial of the appeal. *Montclair R. R. Co.* v. *Benson*, 7 *Vroom* 557. On such valuation, interest from the date of the commissioners' award to the time of trial, or the coming in of the *postea*, should, as a general rule, be allowed. The report of the commissioners is regarded as the time when the condemnation is effected, for the purpose of fixing the time, as of which the valuation is to be made. But the title of the owner is not divested until his compensation has been determined by a jury, if desired, and has been paid. Interest for the intermediate period is allowable, not strictly as damages for the taking, but as an equitable mode of compensating the owner for the necessary delay in ultimately ascertaining the amount he is entitled to be paid, and as the means of reaching the full measure of the just compensation which, by the

constitution, must precede the taking of the property of a private citizen for public uses.

This general rule for the allowance of interest is liable to be controlled by the circumstances of each particular case. If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly. Possibly, the like effect may be given to a tender and payment into court, where the statute provides for such proceeding.

But whatever effect, the fact that the owner has enjoyed a profit from the lands pending the appeal, should have on the allowance of interest, advantage must be taken of it at the trial. It is said in this case that the property condemned was a house and lot, and that the plaintiff continued to receive rents after the report of the commissioners was filed. If that be so, the proof should have been laid before the court at the trial, and the attention of the judge called to it, with the request that he instruct the jury to take into consideration the rents received in making an allowance of interest. On this application we must assume that this question was correctly dealt with by the court; and that no abatement should have been made on the grounds just referred to.

By the *postea* it appears that the jury was directed to make the calculation of interest separately, that it might be submitted to this court whether the plaintiff was entitled to interest. It is contended that under the circumstances appearing on the record, interest should be disallowed.

Interest on demands of this character, not being a matter of contract, or of positive law, is allowed on equitable principles, just as a jury is directed to allow interest in actions of tort, where the circumstances are such that complete justice cannot be done without adding to the damages actually sustained, interest from the time the wrong is done.

If the owner is the sole appellant, and the verdict of the jury should not be in excess of the appraisement of the commissioners, interest should be disallowed. In that event, the

postponement of the receipt of the compensation adjudged by the commissioners and decided by the jury to have been adequate, would be due to his own act. To allow him indemnity for such delay in the form of interest, would be unreasonable and unjust. But in this case the company was also an appellant. By their appeal, the award of the commissioners was superseded, and the power of the owner to enforce payment of compensation for his property, was suspended until the issue was tried, and a new appraisement obtained by a jury. The trial of that issue the plaintiff would not have avoided if he had abandoned his own appeal. The act of the company in appealing, necessarily imposed the delay incident to a trial. Under such circumstances, the allowance of interest would be just and equitable.

Whether costs shall be allowed, will depend on the construction given to the company's charter. In proceedings under statutes for the condemnation of lands, costs are not recoverable unless given by the statute; and if given by the statute, the allowance of them, in any case, will depend on the terms of the enactment. *Corrigal* v. *London Railway Company*, 5 *M. & G.* 124; *The King* v. *Gardner*, 6 *A. & E.* 112; *Beebe* v. *Mayor and Council of Newark*, 4 *Zab.* 47.

By the 9th section of the defendant's charter, either the company or the owner of the lands, if dissatisfied, is permitted to appeal by an application to the Supreme Court, to set aside the award, on good cause shown, whereupon an issue is to be awarded, a jury to be struck, a view had, and a trial before the circuit in the same manner as other issues are triable. At the trial, it is made the duty of the jury to assess the value of the land and damages sustained.

By the same section, it is provided that if the jury shall find a greater sum than the commissioners shall have awarded in favor of the owner, judgment thereon, with costs, shall be entered against the company, and execution awarded therefor; but if the said jury shall be applied for by the said owner or owners, and shall find the same, or a less sum than the company shall have offered, or the said commissioners awarded,

Metler v. Easton and Amboy Railroad Co.

then the said cost to be paid by the said applicant or applicants, and either deducted out of the sum found by the jury, or execution awarded therefor, as the court shall direct."

The legal effect of these provisions is this : A verdict on a valuation greater than that of the commissioners, will entitle the owner to costs, without regard to which party appeals. If the company is the appealing party, and the valuation of the jury is at the same or a less sum than that of the commissioners, neither party is entitled to costs. But if the owner is the appealing party, and the jury finds the same or a less sum than the commissioners awarded, he must pay the costs. In that event, he is condemned in costs, because he has taken an unsuccessful appeal.

In determining the liability of the parties to costs, the comparison must be made of the valuations of the jury with the corresponding valuations of the commissioners, by comparing the value of the land and damages as awarded by the commissioners, with the valuation of the same by the jury. From this problem, the element of interest must be eliminated. This construction is in conformity with the exact language of the section, and in harmony with the spirit of the enactment.

On this comparison of the verdict with the award, the jury found a less sum as the " value of the land and damages sustained," than was awarded by the commissioners.

Both parties appealed. But, nevertheless, the plaintiff was an appealing party. The cause was noticed for trial by him, and the jury struck on his application. In every step from the filing of the commissioner's report until the trial, he was an actor. The result showed that more than justice had been done for him by the commissioners, and that his appeal was groundless. For taking an appeal which is followed by such a result, the statute condemns him to pay costs.

Let judgment be entered for the several sums found by the jury, and a rule be entered that the taxed costs of the defendants be deducted from the amount of the judgment.

Justice DALRIMPLE concurred.