STATE OF NEW JERSEY, BY THE STATE HIGHWAY COM-
MISSIONER, PLAINTIFF-APPELLANT, v. SEAWAY, INC.,
A CORPORATION OF NEW JERSEY, *ET AL.*, DEFEND-
ANTS-RESPONDENTS.

Argued October 26, 1965—Decided February 21, 1966.

*Mr. William J. McCormack,* Deputy Attorney General argued the cause for appellant, (*Mr. Arthur J. Sills,* Attorney General, attorney; *Mr. Alan B. Handler,* Deputy Attorney General, of counsel; *Mr. McCormack,* on the brief).

*Mr. John Warren, Jr.* argued the cause for respondents; (*Messrs. Parsons, Canzona, Blair & Warren,* attorneys; *Mr. William G. Bassler,* on the brief; *Mr. Warren,* of counsel).

The opinion of the court was delivered by

SCHETTINO, J. Plaintiff appealed to the Appellate Division from a judgment of the Superior Court, Law Division awarding interest at four percent to Seaway, Inc. on a condemnation commissioners' award of $24,000 from June 15, 1962, the day the plaintiff took possession of Seaway's property, until July 2, 1964, the date stipulated by the parties as the date the plaintiff was ready to make payment. The rate of

interest is not at issue on this appeal. Prior to argument in the Appellate Division, we certified the cause. *R. R.* 1:10–1 (a).

Seaway was the owner of property on Woodbridge Avenue and U. S. Route No. 1 in Edison Township. Desirous of widening a portion of the highway, the plaintiff on April 15, 1962 instituted condemnation proceedings in Superior Court in accordance with *N. J. S. A.* 20:1–1 *et seq.,* by filing a complaint and obtaining an order to show cause. Condemnation commissioners were appointed by the court on May 14, 1962. Due to several adjournments granted upon plaintiff's request, the commissioners did not hold a hearing until December 26, 1963. On January 3, 1964 the commissioners filed their report, awarding Seaway $24,000.00 for the property taken "including the damage, if any, resulting from the taking, to any remaining property, as of the date of the commencement of this action [April 15, 1962] * * *." The report made no award of interest. No appeal was taken by either party from this award. *N. J. S. A.* 20:1–16; *R. R.* 4:92–6.

Meanwhile, the State Highway Department entered possession of Seaway's property on June 15, 1962 pursuant to authority granted it by *L.* 1927, *c.* 319, *sec.* 111, *p.* 725, as amended by *L.* 1929, *c.* 221, *sec.* 1, *p.* 413; *N. J. S. A.* 27:7–22. This statute (prior to its amendment, *L.* 1965, *c.* 79, *sec.* 1) permitted the State Highway Department to enter upon and take property in advance of making compensation where it could not acquire the property by agreement with the owner. Unlike the procedure of the recent amendment *L.* 1965, *c.* 79 and of *N. J. S. A.* 20:1–12, the State Highway Commissioner was not required to deposit a fund in court prior to his entry upon the land.[1]

---

[1] *L.* 1965, *c.* 79, *sec.* 1 amending *N. J. S. A.* 27:7–22 provides in part:

"Upon the institution of an action to fix the compensation to be paid, or at any time thereafter, the [Highway] department may file with the clerk of the superior court a declaration of taking, signed by

On June 19, 1964 (more than 5 months after the Commissioners filed their report) Seaway moved before the Superior Court, Law Division, for an order compelling payment of the award with interest from June 15, 1962, the date the State took possession of Seaway's property, until the day that the State would make payment to Seaway. The motion in respect to the question of interest was continued until October 1, 1964 at which time the court awarded interest on the award at 4%, from the date of possession until July 2, 1964, the date stipulated by the parties as the date for payment of interest, as it was on this date that the plaintiff notified Seaway that payment would be made upon the clearance by Seaway of its title.[2] The plaintiff seeks a reversal of this order on the ground that interest should have been one of many factors considered by the commissioners in making their condemnation award, and that, absent a timely appeal (*N. J. S. A.* 20:1-16; *R. R.* 4:92-6), the Superior Court had no jurisdiction to grant an award of interest inasmuch as such a grant would be no more than a review of the commissioners' award.

the commissioner, or such employees of the highway department as may be designated by him, declaring that the possession of one or more of the tracts or parcels of property described in the petition is thereby being taken by and for the use of the department. * * *

Upon the filing of the declaration and the depositing with the Clerk of the Superior Court the amount of the estimated compensation as stated in the declaration, the department, without other process or proceedings shall be entitled to the exclusive possession and use of each tract or parcel of property described in the declaration and may forthwith enter into and take possession of said property, * * *."

It appears that this amendment was intended to make uniform, the present statutory procedures of obtaining property for public use under the State's power of eminent domain. Now, all agencies who are empowered to exercise eminent domain must deposit the estimated amount of the just compensation in court prior to obtaining possession of the property. See *Report of Eminent Domain Revision Commission of New Jersey* (April 15, 1965), *pp.* 10-19.

[2] Although July 2, 1964 was the stipulated date for payment of interest at trial, Seaway's contention that interest should be awarded up to the date of actual payment January 22, 1965, due to delays occasioned by the plaintiff, will be discussed *infra.*

## I.

We first consider the plaintiff's contention that interest is encompassed in the award of damages by the commissioners. Although the New Jersey *Constitution of 1776* contained no provision respecting compensation for the taking of private property for public use, the *Constitution of 1844* in *Art.* I, *par.* 16 provided that "Private property shall not be taken for public use, without just compensation." In *Metler v. Easton and Amboy Railroad Co.,* 37 *N. J. L.* 222, 224–225 (*Sup. Ct.* 1874), it was held that interest was allowable on a condemnation award not as damages for the taking, a part of the commissioners' award, but rather as a means of meeting the "just compensation which, by the [C]onstitution, must precede the taking of the property of a private citizen for public uses." See *North Hudson County R. R. Co. v. Booraem,* 28 *N. J. Eq.* 450 (*E. & A.* 1877). As stated in *Jahr, Eminent Domain, Valuation and Procedure* (1953) *sec.* 176, *p.* 290:

> "When compensation is not paid coincidentally with the taking, it must include some sum in addition to the bare value of the property on the taking day, for delay in making payment, so that compensation may be just. Without the addition of some sum, the requirement of just compensation constitutionally guaranteed would not be met."

See, I *Orgel, Valuation under Eminent Domain* (1953) *sec.* 5; Nichols, *Eminent Domain* (1964) *sec.* 27.25. See Annotation "Interest On Amount of Damage, Eminent Domain," 96 *A. L. R.* 150, 111 *A. L. R.* 1304, 36 *A. L. R. 2d.* 337.

The implementation of this constitutional mandate was set forth by this Court in *New Jersey Highway Authority v. Ellis,* 24 *N. J.* 1, 7 (1957):

> "*Whether interest must be paid* on the value of land taken in a condemnation proceeding *constitutionally* depends on whether there is a lapse of time between the date of the actual taking of the property and the tender of or payment of the value of the property so taken. *The amount of interest and when it should be paid* in turn depends on spe-

cific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles." (Emphasis added)

*Ellis* thus provides that the State is constitutionally required to make an award of interest when there is a lapse of time between the day of actual taking of the property and the date of payment for that taking. This requirement is not based upon any equitable principles, nor upon a theory that the owner must be reimbursed for the income he might have obtained had he remained in possession of his property. Rather, the Constitution demands that the condemnee receive interest as a part of his right to just compensation. It is clear, then, that the State errs in contending that Seaway is not entitled to interest as of right.

## II.

As we understand the State's position, it is that interest is an element which should have been considered by the commissioners in making the award for Seaway's property and that if Seaway feels that interest was not considered, an appeal should have been brought in time. But, the Eminent Domain Act, *N. J. S. A.* 20:1-9, which describes the duties of condemnation commissioners specifically states:

"The commissioners shall take and subscribe an oath faithfully and impartially to examine the matter in question and make a true report according to the best of their skill and understanding. Thereafter they shall meet at the time and place appointed and proceed to view and examine the land or other property and *make a just and equitable appraisement of the value of the same and an assessment of the amount to be paid by the plaintiff for the land or other property and damages* as aforesaid, as of the date of the commencement of the action for condemnation. (*L.* 1900, *c.* 53, *sec.* 6, *p.* 81, as am. by *L.* 1931, *c.* 365, *sec.* 5, *p.* 894, as am. by *L.* 1953, *c.* 20, *p.* 363, *sec.* 18.)" (Emphasis added)

See, *State by State Highway Commissioner v. Cooper,* 24 *N. J.* 261, 268 (1957) *cert.* denied 355 *U. S.* 829, 78 *S. Ct.* 41, 2 *L. Ed. 2d* 42 (1958). *Cf., State by State Highway*

*Commissioner v. Jones,* 27 *N. J.* 257 (1958); *New Jersey Turnpike Authority v. Jersey City,* 36 *N. J.* 332, 341 (1962).

    The order of reference in this case contained the statutory mandate that the commissioners were to:

"* * * *examine and appraise* the *land and premises* set forth in the complaint taken by the plaintiff, State of New Jersey, for public use for State Highway purposes as stated therein, and *to fix the compensation* to be paid therefore, *including the damage,* if any, resulting from the taking, to any remaining property, as of the date of the commencement of this action, * * *." (Emphasis added)

The controlling fact is that the order of reference does not mention the element of interest. Thus, loss of interest is beyond the order of reference. Consistent therewith, the report of the commissioners in awarding Seaway $24,000 as a *"just and equitable appraisement of the value of the* same [Seaway's] *property, including the damage* * * *,* to any remaining property, * * *" did not encompass the item of interest. (Emphasis added.)

### III.

We next consider the time period for which the interest is to be awarded. Plaintiff contends that *N. J. S. A.* 20:1–13 limits an award of interest to a period from the date of the filing of the commissioners' award up to the date of payment by providing that 20 days after the commissioners' award, the condemnee may institute suit against the State to recover the award with interests and costs where there is a delay in payment and no satisfactory reason is given for the delay by the condemnor. See *State by State Highway Commissioner v. Hankins,* 63 *N. J. Super.* 326 (*App. Div.* 1960). Although plaintiff agrees that interest must be awarded from January 3, 1964, the date of the filing of the commissioners' award, until July 2, 1964, it contends that this legislative limitation prohibits the Superior Court from awarding interest for the interim period—June 15, 1962 to January 3, 1964—even though during this period the plaintiff was in possession of

Seaway's property without payment therefor. Moreover, before the trial court, plaintiff claimed that it was not responsible for interest for the 20-day period after the filing of the award by the commissioners, as it is entitled to withdraw its complaint during that period under *N. J. S. A.* 20:1–30.

The trial court held that interest must be awarded under *N. J. S. A.* 20:1–13 from January 3, 1964, the date of the filing of the commissioners' award, until July 2, 1964. As to the period of time between the date of possession (June 15, 1962) and the filing date of the commissioners' award (January 3, 1964) the court held that where, as here, the plaintiff takes property and does not compensate the owner for the taking until a substantial period of time has elapsed, the constitutional requirement of just compensation—as well as equity—demands that interest be awarded where the delay in payment by the State is inexcusable.

We agree with the trial court. We further point out that an award of interest, constitutionally required, should be made by the trial judge after the condemnation commissioners' award is filed since, as stated above, under the order of reference the commissioners could not have awarded interest. Further, the procedure avoids the frequent speculation over whether the element of interest was considered in the award where the findings or the report accompanying it are ambiguous. See *State by State Highway Commissioner v. Fisher,* 54 *N. J. Super.* 274 (*App. Div.* 1959). Compare *South Carolina State Highway Dept. v. Miller,* 237 *S. C.* 386, 117 *S. E.* 2d 561 (*Sup. Ct.* 1960); *Mississippi State Highway Commission v. Treas,* 197 *Miss.* 670, 20 *So.* 2d 475 (*Sup. Ct.* 1945); *Fishel v. City and County of Denver,* 106 *Colo.* 576, 108 *P.* 2d 236 (*Sup. Ct.* 1940); *State, by State Rd. Comm. v. Painter,* 120 *W. Va.* 486, 199 *S. E.* 372 (*Sup. Ct. App.* 1938).

Now Seaway contends that despite the stipulated July 2, 1964 date that the order to pay interest should extend not only to the period between the plaintiff's possession to the

stipulated date, but also to the period between July 2, 1964 and the actual date upon which the payment was received by Seaway, *i.e.*, January 22, 1965. At the hearing of Seaway's motion on October 1, 1964 both parties stipulated that should an award of interest be required by the trial court, it should be made for the period from possession by plaintiff, June 15, 1962, to July 2, 1964 as it was on that date that the title officer of the Highway Department notified Seaway that payment was authorized and would be forthcoming at such time as Seaway should have certain title defects cleared. The trial court thus ordered the award of interest for the period stipulated, and the time for appeal from such order elapsed.

Subsequently, on January 11, 1965 the plaintiff moved before the Superior Court, Appellate Division, for an order relaxing the rules pertaining to the time for appeal, and for leave to file the appeal out of time. In answer to plaintiff's motion, Seaway indicated that it had no basis to object to a grant of the motion, recognizing that this was a discretionary matter, but contended that should it be granted and Seaway be successful on the appeal, the Appellate Division should order the plaintiff to pay interest up to the time actual payment would be made. The Appellate Division granted plaintiff's motion for leave to appeal out of time and reserved Seaway's request for additional interest for argument. As indicated, we certified the appeal before hearing in the Appellate Division.

We, however, find it unnecessary to decide whether the delay in actual payment from the authorization date, July 2, 1964, was occasioned by Seaway in clearing its title or by the plaintiff in preparing for the appeal litigation. The fact that plaintiff was in possession of Seaway's property depriving it of the use and enjoyment of the land or the equivalent thereof, the payment, requires that interest be awarded to the date of actual payment, January 22, 1965. The State could have avoided such a result had it deposited the amount of the commissioners' award in court to stop the running of interest.

See *New Jersey Highway Authority v. Ellis,* 24 *N. J.*, at *pp.* 7–9. Prior to amendment, *N. J. S. A.* 27 :7–22 provided:

"The commissioner may acquire lands or rights therein whether for immediate or future use \* \* \* by condemnation in the manner provided in chapter 1 of the Title Eminent Domain (§ 20 :1–1 *et seq.*), \* \* \*. (*L.* 1927, *c.* 319, *sec.* 111, *p.* 725, as am. by *L.* 1929, *c.* 221, *sec.* 1, *p.* 413.)"

In situations where title questions arise, the Eminent Domain Act, *N. J. S. A.* 20 :1–15, provides a means of avoiding the incurrence of large interest debts on the part of plaintiff and other condemnors:

"\* \* \* if the lands or other property taken are encumbered by a mortgage, judgment or other lien, or if for any other reason the plaintiff cannot safely pay the amount awarded to any person, in any such case, with leave of court, the amount awarded may be paid into the court, and shall be distributed according to law, on the application of any person interested therein. (*L.* 1900, *c.* 53, *sec.* 8, *p.* 82 as amended by *L.* 1953, *c.* 20, *p.* 365, *sec.* 24.)"

Thus to avoid the running of interest from July 2, 1964, the Highway Department could have deposited the $24,000 in court and would have fulfilled its constitutional obligation of making just compensation. Failing this, it cannot be heard to complain where, by its possession, the property owner is deprived of the use and enjoyment of his land or its equivalency, the just compensation.

## IV.

The State additionally contends that Seaway lost its right to interest by failing to appeal from the award in time, *N. J. S. A.* 20 :1–16, *R. R.* 4 :92–6, and that Seaway by motion under *N. J. S. A.* 20 :1–2 cannot obtain the interest for that provision does not grant the Superior Court jurisdiction to make such an award, relying upon *State by State Highway Commissioner v. Fisher,* 54 *N. J. Super.*, at *p.* 281.

In *Fisher,* the court was faced with a claim for interest where no appeal was taken by the condemnee under *N. J.*

*S. A.* 20:1–16, *R. R.* 4:92–6. The claim was denied on the ground that the commissioners' award had included an amount "for use by the State" and that an award of interest would result in an inequitable double recovery. The court indicated, in *dictum,* that the Superior Court, Law Division, had no jurisdiction under *N. J. S. A.* 20:1–2 to correct or alter the filed report of condemnation commissioners absent an appeal.

In *New Jersey Turnpike Authority v. Jersey City,* 36 *N. J.* 332, 339 (1962), we reviewed the *Fisher* case in view of the legislative history of *N. J. S. A.* 20:1–2. Mr. Justice Jacobs pointed out that prior to 1953, the statute designated a judge of the Superior Court a legislative agent for the appointment of condemnation commissioners. Once the appointment was made the judge's function was completed and no jurisdiction remained in the Superior Court. See *In re New Jersey Turnpike Authority,* 10 *N. J.* 456 (1952) ; *Bergen County Sewer Authority v. Borough of Little Ferry,* 5 *N. J.* 548, 552 (1950) ; *Ryan v. Housing Authority of Newark,* 125 *N. J. L.* 336, 340 *(Sup. Ct. 1940).* However, this approach with "its restrictive implications" was abolished by enactment in 1953 of the present statute, *N. J. S. A.* 20:1–2, which was described by Mr. Justice Jacobs (36 *N. J.,* at *p.* 340) :

"As amended, the section now provides that the party exercising the right of taking shall institute 'an action in Superior Court' for the appointment of commissioners and that in any such action *'the court shall have and shall exercise its full jurisdiction, including jurisdiction to determine the right to exercise the power of eminent domain.' The statutory language is comprehensive and we find no persuasive reason for narrowing it."* (Emphasis added)

Thus the statute which grants the Superior Court "full jurisdiction" to determine the right to exercise the power of eminent domain, also grants the court "full jurisdiction" to determine the constitutional questions of interest awards. The State's contention that the Superior Court has

no jurisdiction to award interest under *N. J. S. A.* 20:1–2 has no merit.

The judgment is affirmed and the cause is remanded for computation of the total interest with costs.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For reversal*—None.