796 A.2d 291

CITY OF OCEAN CITY, PLAINTIFF–APPELLANT, v. 2825 WESLEY AVENUE CONDOMINIUM ASSOCIATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 26, 2002—Decided May 7, 2002.

Before Judges SKILLMAN, WALLACE, Jr., and CARCHMAN.

*Mary D'Arcy Bittner* argued the cause for appellant (*Youngblood, Corcoran, Lafferty, Stackhouse, Hyberg & Gormley,* attorneys; *Gerald J. Corcoran,* on the brief).

*Kenneth A. Porro* argued the cause for respondent (*Porro, Novello & Francis,* attorneys; *Mr. Porro,* on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether a condemnor in a partial taking case is entitled to an abatement of interest on the condemnation award for the "fair rental value" of the remainder of the property even though the condemnee was deprived of beneficial use of the acquired property as of the date of taking.

In a prior appeal in this case, we affirmed a jury verdict awarding defendant $1.00 for the taking of an easement in front of its property and an additional $37,000 for severance damages to the remainder. *City of Ocean City v. Maffucci,* 326 *N.J.Super.* 1, 740 *A.*2d 630 (App.Div.), *certif. denied,* 162 *N.J.* 485, 744 *A.*2d 1208 (1999). The facts are set forth in detail in our prior opinion and only need to be summarized briefly to set the framework for discussion of the legal issue presented by this appeal.

As part of a project to protect the beach by constructing new sand dunes along seven miles of beachfront, plaintiff Ocean City sought to acquire easements from the owners of beachfront properties. Defendant owns one of those properties, which is occupied by a two-story condominium with separate apartments on the first

and second floors. When the City was unable to negotiate a purchase price for an easement in front of defendant's property, it brought this condemnation action by filing a complaint and declaration of taking on January 27, 1993. The City made no deposit into court at the time of the taking.

The dune construction project in front of defendant's property was started around the same time as the taking and was completed in December 1994. When the project was completed, the ocean view from the first floor apartment was completely obstructed and the direct access to the beach formerly enjoyed by occupants of the condominium was eliminated by nine-foot high dune grasses. As a result, the occupants had to use a pathway eighty feet from the property to gain access to the beach. In addition, the City constructed an alleyway on part of the easement for the public to use in walking to the beach access pathway.

In our prior opinion, we upheld the trial court's ruling that defendant was entitled to severance damages for the loss of the ocean view and direct access to the beach and infringement of the occupants' privacy rights caused by the City's taking of the easement and construction of new sand dunes and an alleyway:

Where the property taken constitutes only a part of a larger parcel, the owner is entitled to recover, inter alia, the difference in the fair market value of his property in its "before" condition and the fair market value of the remaining portion thereof after the construction of the improvement on the portion taken. *Items such as view, access to beach property, freedom from noise, etc. are unquestionably matters which a willing buyer in the open market would consider in determining the price he would pay for any given piece of real property.*

[*Id.* at 20, 740 A.2d 630 (quoting *Pierpont Inn, Inc. v. State,* 70 Cal.2d 282, 74 Cal.Rptr. 521, 449 P.2d 737 (1969).)]

Subsequent to the issuance of our opinion affirming the $37,001 verdict for the partial taking, defendant filed a motion with the trial court seeking interest on the award. Defendant noted that the order memorializing the verdict stated that defendant was entitled to interest from the date of the taking to the date of judgment but failed to establish the amount of interest.[1] The City

---

[1] Because the award of interest to defendant was not reduced to a specific dollar amount, the order from which the prior appeal was taken was interlocutory. See *Kattoura v. Patel,* 262 N.J.Super. 34, 40, 619 A.2d 1031 (App.Div.1993).

opposed defendant's motion, arguing that even though defendant was entitled to interest, any award of interest is subject, under *N.J.S.A.* 20:3–31, to abatement for the "fair rental value" of the property during the period for which interest is payable, and that the fair rental value of defendant's property during the pendency of the condemnation proceeding far exceeded the interest on $37,001.

The trial court concluded that defendant was entitled to interest from the date of the taking because the taking "impaired" defendant's use of the remainder and "[t]he award of interest is intended to compensate for that impairment." The court rejected the City's argument that defendant is not entitled to any interest because the fair rental value of the property after the taking exceeded the interest on the severance damages, noting that "the value of the beachfront home has been adversely impacted not only by the taking of the easement but also by what was constructed on it and the consequences of that construction." Accordingly, the court entered an order awarding defendant $19,525.65 in interest from the date of the taking on January 27, 1993 to the issuance of its opinion on April 10, 2001, plus an additional $3.94 per diem from that date to the date of payment.[2] We agree with the trial court's analysis and therefore affirm the award of interest.

 To satisfy the constitutional requirement that an owner of private property taken for public use receive "just compensation," *N.J. Const., Art.* I, *par.* 20, a condemnee must be paid interest on the condemnation award for the period between the actual taking and payment for the taking. *State v. Nordstrom*, 54 *N.J.* 50, 54, 253 *A.*2d 163 (1969); *State, by State Highway Comm'r v. Seaway, Inc.*, 46 *N.J.* 376, 380–81, 217 *A.*2d 313 (1966). However, if notwithstanding the initiation of condemnation proceedings, "the owner has not been disturbed in the possession, and has had

---

[2] The City does not challenge the determination of the amount of the interest award.

a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly." *Nordstrom, supra,* 54 *N.J.* at 54, 253 *A.*2d 163 (quoting *Metler v. Easton & Amboy R.R. Co.,* 37 *N.J.L.* 222, 224–25 (Sup.Ct.1874)). Thus, the controlling factor in determining whether a condemnee has a constitutional right to unabated interest on a condemnation award is whether the condemnation proceedings "restrict[ed] the profitable use or enjoyment of the property" during the period preceding payment of the award. *Id.* at 55, 253 *A.*2d 163.

The constitutional requirement of the award of interest for delay in a condemnee's receipt of payment for the value of its property was codified in the Eminent Domain Act of 1971. *N.J.S.A.* 20:3–1 to –50. The Act provides in pertinent part:

> Interest as set by the court upon the amount of compensation determined to be payable hereunder shall be paid by the condemnor from the date of the commencement of the action until the date of payment of the compensation; ... provided .. that interest payable hereunder shall be subject to abatement for rents and profits derived from the property by the condemnee during the period for which interest is payable hereunder, and/or for the fair rental value of such property or any portion thereof occupied by the condemnee during such period.
>
> [*N.J.S.A.* 20:3–31.]

Thus, the Act reflects both the condemnee's basic constitutional right to interest on the award from commencement of the action (ordinarily under the Act also the date of taking) to the date of payment, and the condemnor's right to an abatement of interest if the condemnee continues undisturbed in its possession and enjoyment of the property during the pendency of the proceeding.

■ The record in this case clearly indicates that defendant was not "left undisturbed in [its] enjoyment of the property by the condemnation proceedings," *Nordstrom, supra,* 54 *N.J.* at 54, 253 *A.*2d 163, and thus the predicate for abatement of interest was not established. When the City filed its condemnation action against defendant, it also filed a declaration of taking of the easement and started work on the beach preservation project that resulted in defendant's loss of an ocean view from the first-floor apartment, loss of direct access to the beach, and infringement of its occu-

pants' privacy as a result of construction of the alleyway on the easement. Thus, even though defendant continued to enjoy the beneficial use of the property, this enjoyment was diminished by the City's construction activities on the easement, and the severance damages represented the fair value of this diminution. See *State, by Comm'r of Transp. v. Silver,* 92 *N.J.* 507, 514–16, 457 *A.*2d 463 (1983). Stated another way, if defendant had rented the property during the condemnation proceeding, its rental value would have been diminished by the loss of ocean view and direct access to the beach and the infringement of the occupants' privacy, and the award of interest may be viewed as compensation for the delay in receipt of compensation for this diminution in rental value.

■ We reject the City's argument that because *N.J.S.A.* 20:3–31 states that "interest payable hereunder shall be subject to abatement ... for the fair rental value of such property or any portion thereof occupied by the condemnee during such period[,]" it has no obligation to pay interest even though the beneficial enjoyment and fair rental value of the property was diminished at the time of the taking. As previously discussed, a condemnee has a constitutional right to interest from the date of the taking. Consequently, if *N.J.S.A.* 20:3–31 provided for abatement of interest in a circumstance where a condemnee was constitutionally entitled to interest, the statute would be unconstitutional as applied in that circumstance. However, it is well established that, if possible, a statute should be construed to preserve its constitutionality. *State v. Johnson,* 166 *N.J.* 523, 540–41, 766 *A.*2d 1126 (2001). Consequently, we read *N.J.S.A.* 20:3–31's requirement of an abatement of interest for the fair rental value of "such property" in light of the Eminent Domain Act's definition of "[p]roperty," which includes not only "land" but any "interest in land." *N.J.S.A.* 20:3–2(d). Defendant's "interest" in the subject property represented a bundle of rights, including an unimpeded ocean view, access to the beach and privacy rights. The condemnation of the easement immediately diminished the value of those "inter-

est[s] in land," and defendant was paid severance damages for the loss of those interests. Thus, to preserve its constitutionality, the term "such property" in *N.J.S.A.* 20:3–31 must be construed to refer to the "interest[s] in land" taken in the condemnation action, which in this case was the unobstructed ocean view, direct access to the beach and privacy rights of the condominium's occupants.

Defendant's entitlement to unabated interest on the severance damages awarded for the diminution in value of its property is no different than that of a condemnee which owned a property with two rent-generating buildings, one of which was acquired by means of a partial taking, thus depriving the condemnee of all rental income from that building. Such a condemnee would be constitutionally entitled to interest on the award for this partial taking from the date of the taking to payment of the award, without any abatement for whatever rental income the condemnee continued to receive from the other building. Even though the present action did not involve the taking of a separate income-producing building, and defendant suffered a diminution in the rental value of its entire property rather than a total loss of the rental value of part of its property, the governing constitutional principle is the same in both circumstances: A condemnee is entitled to interest from the date it is deprived of possession or enjoyment of an interest in land acquired by condemnation until payment of the award. Because defendant's unobstructed ocean view and direct access to the beach was lost and the privacy rights of its occupants were diminished at the time this action was commenced, the trial court correctly concluded that the City was not entitled to an abatement of interest under *N.J.S.A.* 20:3–31.

Affirmed.